344 So.2d 1129 (1977)
Michael J. LAWTON, d/b/a Lawton Forest Products, Plaintiff-Appellee,
v.
LOUISIANA PACIFIC CORPORATION, Defendant-Appellant.
No. 5886.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Edgar Perkins, Jr., DeQuincy, for defendant-appellant.
*1130 Perrell Fuselier, Oakdale, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and ROGERS, JJ.
DOMENGEAUX, Judge.
This is a suit for specific performance of a written Agreement to Purchase and Sell timber by plaintiff to defendant in Evangeline Parish, which was dated July 29, 1974. The contract was conditioned upon plaintiff obtaining a right-of-way so that defendant could remove the timber to the public road. The district court held in favor of the plaintiff and granted specific performance. Defendant has taken this appeal. We affirm the judgment of the district court.
Defendant-appellant has assigned many errors in brief, but only three of those issues are substantial. First, defendant argues that the plaintiff did not properly place defendant in default as required by C.C. Arts. 1911-1913. Plaintiff wrote a letter to defendant dated February 13, 1975, demanding performance. Defendant replied in a letter, stating that it did not consider the contract valid. Therefore, it would have been useless for any further demands to be made on defendant. See Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958), which states that an anticipatory breach of contract is actionable in Louisiana. See also 20 La.Law Review 119, the Doctrine of Anticipatory Breach of Contract.
Secondly, defendant argues that plaintiff did not provide an adequate right of way as required by the contract. The trial judge perceptively pointed out that plaintiff made valiant attempts to satisfy this condition, but could never please the defendant. Plaintiff did in fact acquire the necessary rights-of-way. As was noted by the trial judge, defendant's real reasons for trying to avoid the contract was the dramatic decline in the price of timber shortly after the contract was confected.
The defendant also disclaimed the authority of its employee, Mr. Donaldson, to enter into such a contract. However, the testimony and other evidence gives ample basis for the trial judge's finding that Mr. Donaldson was an authorized agent of defendant to enter into the agreement.[1]
For the foregoing reasons, we affirm the judgment of the district court, and cast costs against appellants.
AFFIRMED.
NOTES
[1] Appellant also complains that subsequent to the difficulties which arose between the parties, plaintiff sold the tract of land upon which the timber herein rests to a third party. However, a perusal of the deed, dated March 19, 1976, and introduced into evidence as D3, contains a special stipulation, that the appellee reserved all rights, "including rights in the timber estate, necessary to comply with a contract to sell timber of July 1974 with Louisiana Pacific Corporation, of which purchaser takes notice, whether recorded or not, and subject to which purchaser agrees to take title."