GUIDRY, Judge.
Plaintiff, Louisiana Pacific Corporation (Louisiana Pacific), filed the instant suit seeking a mandatory and prohibitory injunction restraining defendant, Michael J. Lawton d/b/a Lawton Forest Products (Lawton), from disposing of certain described timber and compelling him to convey to plaintiff title to said timber via an appropriate timber deed in compliance with a judgment previously rendered by this Court. Lawton prosecutes this appeal from two judgments of the trial court granting Louisiana Pacific the relief sought, contending:
(1) The trial court erred in overruling an Exception of Res Judicata filed by Lawton.
(2) Alternatively, the trial court erred in ordering Lawton to enter into a contract with Louisiana Pacific, which contract is significantly and substantially different from the contract originally contemplated by the parties.
FACTS
This is the second time that the dispute between these parties has been before this Court. The facts giving rise to this suit as well as the previous litigation are not disputed and may be summarized as follows:
On July 29,1974, Lawton accepted a written contract prepared by Louisiana Pacific styled “AGREEMENT TO PURCHASE AND SELL TIMBER”. The pertinent terms of the contract recite that Louisiana Pacific offers and agrees to buy and Law-ton agrees to sell “all merchantable timber eight (8) inches and larger” which is situated upon a certain described tract of land located in Evangeline Parish for the sum of $24,000.00. The contract is made subject to the following terms and conditions:
“This agreement is conditioned upon first, the reasonable merchantability to said timber, Purchaser waiving the formal opening of the Oliver Reed Succession provided record evidence of heirship exist and, secondly, the provision by Vendor of a right-of-way across adjoining lands with a period of exercise of not less than 12 months, provided that the right-of-way is assigned to Purchaser before December 18, 1975 and provided further that the right-of-way can be exercised by Purchaser without unreasonable practical difficulty. Vendor (sic) shall in all events have until December 18, 1976 to remove the timber.”
The contract further provides that the failure of any of the above conditions will render the agreement null and void. Otherwise, the agreement is to be specifically enforceable with the cost of enforcement including attorney’s fees to be charged to the party failing to perform after the above conditions are satisfied. If the title is found to be merchantable and free of encumbrances, then the owner is to execute a timber deed “under these contract 'provisions and pursuant to the form of deed attached thereto.”[1]
On March 20, 1975, Lawton filed suit No. 29538 seeking specific performance of the July 29, 1974 agreement in the Thirteenth Judicial District Court, Parish of Evangeline, alleging that Louisiana Pacific had failed to comply with the terms of said contract.
While this suit was pending in the district court, Lawton, on March 19, 1976, sold the tract of land containing the timber subject to the July 29, 1974 agreement to Mamou Seed Rice Company, Inc. The sale *33 was made subject to the following special stipulation:[2]
“1. Vendor reserves all rights, including rights in the timber estate, necessary to comply with a contract to sell timber of July 1974 with Louisiana Pacific Corporation, of which purchaser takes notice, whether recorded or not, and subject to which purchaser agrees to take title.”
Lawton’s suit for specific performance was tried on the merits on April 6th and July 2nd, 1976. The trial judge concluded in written reasons that the defenses presented by Louisiana Pacific were without merit. Accordingly, on September 8, 1976, judgment was rendered by the district court in suit No. 29538 in favor of Lawton and against Louisiana Pacific “ordering said defendant, to pay to petitioner, the sum of $24,000.00 with legal interest from date of judicial demand, in specific performance of the agreement to purchase and sell timber dated July 29, 1974, between petitioner and defendant.” The sum of $6,000.00 was awarded to Lawton as attorney’s fees and Louisiana Pacific was cast for all costs.
An appeal by Louisiana Pacific to this Court followed. The judgment of the district court was affirmed in an opinion dated April 13, 1977. See Lawton v. Louisiana Pacific Corporation, 344 So.2d 1129 (La.App. 3rd Cir. 1977).
Louisiana Pacific’s attorney, in a letter dated May 2, 1977 advised counsel for Law-ton of his client’s decision not to apply for a rehearing. He requested that' a timber deed be forwarded to him in conformance with the July 29, 1974 contract, “i. e., the conveyance of eight (8) inch and above timber and a cutting time of one year.”
Lawton’s attorney responded by way of a letter dated May 5, 1977 indicating that his review of the trial judge’s written reasons as well as the opinion of this Court disclosed that neither of these granted to Louisiana Pacific any rights to the timber beyond the December 18, 1976 harvesting deadline contained in the July 29, 1974 contract. He concluded that “Based on an evaluation of all circumstances, it appears that Louisiana Pacific Corporation has allowed all of its rights to the timber described in the Agreement of July 29, 1974, to expire.” However, Lawton offered to grant to Louisiana Pacific an additional opportunity to harvest the timber in consideration for the payment of additional sums totalling $3,220.00. This extension, which would expire on June 17, 1977, applied to “all merchantable timber from a twelve inch stump measured twelve inches from ground line” and was further conditioned upon the receipt of the sum of $3,220.00 along with the total amount owed under the judgment by May 11, 1977.
Louisiana Pacific filed the instant suit on May 18, 1977, setting forth its attempted compliance with the previous judgment decreeing specific performance and alleging Lawton’s refusal to convey the timber except upon payment of additional sums not awarded in the judgment. Louisiana Pacific prayed that Lawton be enjoined from disposing of the timber in question and further, “that defendant be ordered to comply with the terms of the judgment and tender an appropriate timber deed with a *34 cutting time of one year in order to comply with the judgment of this Honorable Court in Action No. 29,538 hereinabove referenced.” Lawton filed answer to the suit along with pleas of Res Judicata and alternatively, Judicial Estoppel and the rule of “The Law of the Case”.
After trial on the merits, the trial judge, in written reasons, remarked:
“Simply stated, Lawton insists that Louisiana-Pacific pay him the original amount of the contract, i. e. $24,000.00, plus $6,000.00 attorney fees allowed by the District Court, together with legal interest from date of judicial demand, plus all costs, but that Lawton does not have to perform its part of the contract, that is, deliver the timber deed, and permit the harvesting of the timber in accordance therewith. Plaintiff, in open court, tendered two checks to defendant, one made payable to Perrel Fuselier for $6,000.00, and one made payable to Lawton for $27,672.98.
Extensive research fails to reveal any foundation for so strange and novel an idea. That one should sue to compel another to perform the contract entered into, but that he himself is not obliged to do so is rather unusual to say the least.
The sole reason that Lawton takes this position is that he maintains the time for performance of the contract lapsed on December 16 (sic), 1976. Let it be remembered that at that time the matter was on appeal. Lawton says that Louisiana-Pacific Corporation had three months to harvest the timber, and that Lawton stood ready to perform. However, Louisiana-Pacific Corporation, being disatis-fied (sic) with the judgment of the trial court, appealed from said judgment. Surely it cannot be contended that Louisiana-Pacific Corporation did not have a right to appeal from the judgment of the trial court.
On March 19, 1976, Michael J. Lawton sold the land whereon the timber stood, and still stands, to Mamou Seed Rice Company, Inc., reserving, however, the right to cut and remove the timber thereon for a period of 18 months from April 7, 1976. Therefore, Lawton can still perform his contract until October 7, 1977.
The court finds that Louisiana-Pacific Corporation is entitled (sic) relief demanded in the prayer of its petition, and the court will so order.
Defendant filed exceptions of res judi-cata, estoppel, and “The Law of the Case”. The Court finds these to be without merit, and will overrule them.”
Accordingly, judgment was rendered in the instant suit on June 24, 1977 overruling the exceptions, and in favor of Louisiana Pacific and against Lawton restraining and enjoining him from disposing of the timber and ordering Lawton “to execute and deliver to Louisiana-Pacific Corporation, within seven (7) days of the signing of this judgment an appropriate timber deed conveying to Louisiana-Pacific Corporation until October 7,1977,[3] all merchantable timber twelve (12) inches and larger measured twelve (12) inches above the ground[4] located in (sic) the above described tract of land.” The judgment also ordered Lawton to deliver to Louisiana Pacific all required rights-of-way and other documents to enable it to harvest the timber. Lawton was cast to pay all costs.
Subsequent to the rendition of the judgment of the district court, the parties’ inability to agree on the form of the “appropriate timber deed” whereby title to the timber was to be conveyed culminated in the *35 filing by Louisiana Pacific on July 18, 1977 of a rule to compel compliance with the judgment dated June 24, 1977. This rule enumerated several alleged deficiencies in the timber deed which had been submitted by Lawton, and prayed that Lawton be cited to show cause why he should not comply with the judgment previously rendered in this matter.
A hearing on the rule was held on July 21, 1977 at which several proposed timber deeds were introduced as exhibits. Judgment was rendered that day by the trial court ordering Lawton to execute and deliver to Louisiana Pacific a timber deed in the form of exhibit “Louisiana Pacific A-2” with the price to be $24,000.00. All costs of this proceeding were divided equally between the parties.
Lawton has appealed from the judgments of the trial court dated June 24, 1977 and July 21, 1977 specifying the errors heretofore mentioned. Louisiana Pacific did not appeal and has not answered the appeal by Lawton.
RES JUDICATA
In his brief before this Court, counsel for Lawton concedes that the alternative pleas of Judicial Estoppel and “The Law of the Case” are inapplicable to the case at bar. Able counsel bases his contention that the trial court erred in its refusal to sustain the exception of Res Judicata on the argument that Louisiana Pacific is, in the instant suit, attempting to relitigate claims which were presented to and rejected by both the district court and this Court in the previous litigation between these same parties. We find no merit in this contention.
Lawton alleges that the sole demand made in the petition filed by Louisiana Pacific in the instant case is that it be granted a “cutting time of one year”. He asserts that this is the identical relief which was requested by Louisiana Pacific in the prior suit, referring to a letter dated August 28, 1976 (a copy of which was sent to the trial judge) in which counsel for Louisiana Pacific objected to the form of a judgment proposed by Lawton’s attorney in suit No. 29538. One of the grounds for objection enumerated therein was the absence of a provision for a cutting time. Lawton argues that the absence of a specific provision in the judgment extending the cutting time as per Louisiana Pacific’s request constitutes a rejection of this claim by the district court in suit No. 29538. He next contends that this claim for additional cutting time was also presented to this Court, referring to the brief submitted on behalf of Louisiana Pacific in which the failure of the trial court to provide for a minimum of twelve months to harvest the timber was listed as a specification of error. Lawton argues that this Court’s affirmance, without modification, of the judgment of the district court constitutes a further rejection of Louisiana Pacific’s claim for additional cutting time.
Lawton’s primary argument, as we understand it, is that Louisiana Pacific’s failure in the prior suit to apply for a rehearing in this court or to apply to the Supreme Court for writs to correct this alleged deficiency (omission of a provision allowing a cutting time of one year) in the district court judgment precludes it from now seeking a modification of said judgment, since the judgment of the district court and the judgment of this Court affirming same, have now become final and executory. Thus, appellant argues any attempt on the part of Louisiana Pacific to “enforce” the July 29, 1974 agreement is barred because of the refusal of both the district court and this Court in the prior litigation to provide for an extension of time for harvesting the timber beyond the December 18, 1976 deadline.
The contention of Louisiana Pacific is that it is not attempting to modify the prior judgment rendered in the previous suit between the parties, but is only seeking to enforce rights granted to it under the terms of said judgment, i. e., the right to cut the timber in exchange for payment of the purchase price. Louisiana Pacific maintains that it is entitled to the timber, with the concomitant right to a reasonable time for *36 the harvesting of said timber, in spite of the fact that the original deadline for harvesting lapsed while the case was on appeal. Louisiana Pacific argues that to hold otherwise would allow Lawton to be unjustly enriched at the expense of Louisiana Pacific.
We reject Lawton’s contention that the absence of a specific provision in the judgment rendered in suit No. 29538 extending the deadline for the harvesting of the timber beyond December 18,1976 amounts to a denial of this relief to Louisiana Pacific by either the district court or this Court. A review of the pertinent provisions of the judgment discloses that the thing awarded by the judgment was “specific performance of the agreement to purchase and sell timber dated July 29, 1974, between petitioner and defendant”.
Although the judgment itself does not recite verbatim the provisions of the contract in question, it necessarily follows that compliance with a decree of specific performance of a contract also requires compliance with the terms of the contract itself. Thus, in the instant case, the parties are bound by the terms of the July 29, 1974 agreement insofar as said terms delineate the particular timber to be conveyed, the price to be paid for said timber and the length of time allowed for the purchaser to remove said timber. The pertinent terms of the contract, supra, call for a minimum period of twelve months in which the purchaser is to be allowed to utilize the right-of-way for harvesting the timber. The contract further provides that the right-of-way was to be assigned to purchaser on or before December 18, 1975 and that the purchaser was to have until December 18, 1976 to remove the timber. We construe these contractual provisions as clearly evidencing an intent that the purchaser was to have a minimum of one year in which to harvest the timber from the Lawton tract. Accordingly, we conclude that the previous judgment rendered in suit No. 29538 necessarily included, though not specifically mentioned, a right of removal of the timber during a period of one year from and after the execution of the timber deed. The termination date of December 18, 1976 cannot be invoked by the seller to defeat the purchaser’s right to the timber or its right of removal during a term of one year while there is some obstacle to the removal of the timber such as a good faith attempt by either party to obtain an adjudication of its rights and obligations under the terms of the contract.
We conclude that the trial court properly overruled the exception of Res Judicata filed by Lawton in the instant case. The “cause” of the first litigation between these parties was to obtain a judicial determination of the rights and obligations of the parties under the terms of the July 29,1974 agreement. The instant suit was brought seeking enforcement of said rights and obligations, and thus was based on a different “cause” than the first suit. LSA-C.C. Article 2286; Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
In the instant suit, the evidence shows that Louisiana Pacific stands ready to perform its obligations under the July 29, 1974 agreement, said obligations having now become judicially fixed by the prior judgments rendered in this matter. It is attempting to assert its rights under the agreement by forcing Lawton to comply with the terms of the very judgment obtained by him. Plaintiff is clearly entitled to the relief it seeks. The rendition of a judgment gives rise to an action to enforce it. Succession of Ducker, 10 La.Ann. 758 (La.1855).
THE FORM OF DEED TO BE EXECUTED PURSUANT TO THE JULY 29, 1974 BUY-SELL AGREEMENT
Following a hearing in the court below, defendant was ordered to execute and deliver to Louisiana Pacific a timber deed pursuant to a form introduced in evidence at the hearing as “Louisiana Pacific A-2”. Lawton argues that this ruling is erroneous because the form of deed was never specifically agreed upon by the parties and “Louisiana Pacific A-2” contains terms and provisions never contemplated by them. We find merit in this contention.
*37 The July 29,1974 buy-sell agreement provides in pertinent part as follows:
“If said title is merchantable and free of encumbrances, then Owner shall execute a Timber Deed under these contract provisions and pursuant to the form of deed attached hereto." (Emphasis ours)
It is undisputed that there was no form of timber deed attached to the buy-sell agreement contrary to the recitation contained therein.
The trial judge, in the instant case, based his decision to order conveyance of the timber in conformance with the deed evidenced by “Louisiana Pacific A-2” on the testimony of counsel for Louisiana Pacific that this was the timber deed used by Louisiana Pacific after July 1,1974. Our careful examination of the record discloses that his testimony was inconclusive on this point. Further, there is no evidence in the record suggesting that the parties ever reached agreement as to the exact form of timber deed which was to be executed pursuant to the buy-sell agreement.
Although the record does contain several timber deeds between these same parties which were executed some months prior to July 29, 1974, we cannot construe these previous contracts as evidencing the parties’ intentions concerning this particular timber on this particular occasion. To so hold would be for this Court to formulate a contract for these parties where none exists. Although a doubtful or ambiguous contractual provision is subject to interpretation by a court in an attempt to ascertain the true intent of the parties, it is' well settled that a court is not empowered to make a contract for the parties. Bown v. Austral Oil Company, Incorporated, 322 So.2d 866 (La.App. 3rd Cir. 1975, writ refused).
The timber deed reflected in exhibit “Louisiana Pacific A-2” contains numerous terms and conditions not embodied in the buy-sell agreement, which we feel may not be imposed upon these parties considering the total absence of evidence that it was their intention at the time of the contracting that their agreement would be subject to and controlled by such conditions. The same reasoning likewise applies to any of the several timber deeds introduced at the hearing held in this matter. Under these circumstances, we conclude that the trial court clearly erred in ordering Lawton to execute a deed in the form of “Louisiana Pacific A-2” in the absence of clear and convincing evidence that this was the exact form of deed contemplated by the parties on July 29, 1974.
We do not consider however, that the failure of the parties to annex the form of deed to be ultimately executed to the buy-sell agreement strikes the latter agreement with invalidity. As stated by our brethren of the First Circuit in Hammond Asphalt Company, Inc. v. Ponder, 303 So.2d 851 (La.App. 1st Cir. 1974, writ refused):
“A written promise to sell an immovable, which instrument specifies the thing, term and price, when accepted, entitles either party to the agreement to demand specific performance upon compliance with his obligations therein. LSA-C.C. art. 2462.”
The buy-sell agreement of July 29, 1974 embodies, in its own terms, the three essential element's necessary for a valid contract i. e., the thing, the price and consent. LSA-C.C. article 2439. When these essential elements are incorporated into a written buy-sell agreement concerning immovable property, and reference is made to another attached document for the form of the ultimate contract to be executed by the parties, the failure of the parties to affix to the buy-sell agreement an appropriate document in accordance with the recitation contained therein does not thereby vitiate the contract.
Nor is the contract invalidated because of the subsequent inability of the parties to agree on the ultimate form which is to express the final results of their contractual endeavors. So long as the provisions contained in the original buy-sell agreement evidence the consent of the parties and their agreement as to the thing and the price, no special type of form is sacro *38 sanct. All that is required is that the instrument be confected pursuant to the terms and conditions set forth in the buy-sell agreement. For these reasons, we amend the trial court judgment of July 21, 1977 so as to order that the deed to be executed shall be an appropriate recordable conveyance confected pursuant to the terms and conditions set forth in the agreement of July 29, 1974, as interpreted by this Court.[5] We will also amend the trial court judgment to the end that should defendant fail, within the time allowed hereafter, to execute the required timber conveyance, this judgment, upon its finality, shall constitute a conveyance of the timber herein involved pursuant to the terms of the buy-sell agreement of July 29,1974 as herein interpreted. In all other respects the judgments appealed from will be affirmed.
For the above and foregoing reasons the judgments of the trial court dated June 24, 1977 and July 21, 1977 are consolidated, amended and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that:
(1) The exceptions of res judicata, estop-pel and “The Law of the Case” filed herein by defendant are overruled;
(2) There be judgment herein in favor of petitioner, Louisiana Pacific Corporation, and against defendant, Michael J. Lawton, d/b/a Lawton Forest Products, restraining and enjoining said defendant from selling, cutting or otherwise disposing of all merchantable timber twelve (12) inches and larger measured twelve (12) inches above the ground located on that certain tract or parcel of land situated in Evangeline Parish, Louisiana, and lying in the Southeast Corner of Sec. 12, T — 6-S, R-l — W, and the Southwest Corner of Sec. 7 or Sec. 43, T-6S, R-l-E, containing 127.6 acres, more or less, bounded now or formerly North by Lester Manuel, South by Bayou de Cannes, East by Lester Manuel, and West by Lester Manuel;
(3)MICHAEL J. LAWTON, d/b/a LAWTON FOREST PRODUCTS, be and he is hereby ordered to execute and deliver to LOUISIANA PACIFIC CORPORATION, within fifteen (15) days of the finality of this judgment, an appropriate recordable timber deed confected pursuant to and on the terms and conditions set forth in the buy-sell agreement of July 29,1974 as interpreted by this judgment, conveying to LOUISIANA PACIFIC CORPORATION, all merchantable timber twelve (12) inches and larger measured twelve (12) inches above the ground located on the above described tract of land. The price is to be the monetary sum awarded to Michael J. Law-ton in the judgment heretofore rendered in suit No. 29538, affirmed on appeal, Lawton v. Louisiana Pacific Corporation, 344 So.2d 1129 (La.App. 3rd Cir. 1977). LOUISIANA PACIFIC CORPORATION is to have a period of one year from the date that this timber deed is executed within which to harvest the timber.
Upon the failure of MICHAEL J. LAW-TON d/b/a LAWTON FOREST PRODUCTS to execute and deliver a timber deed in accordance with the provisions of this judgment LOUISIANA PACIFIC CORPORATION shall, within 15 days of such failure by Lawton, 'cause to be recorded in the conveyance records of Evangeline Parish, Louisiana, a certified copy of this judgment along with a certified copy of the July 29, 1974 buy-sell agreement and simultaneously deposit in the registry of the Thirteenth Judicial District Court for the benefit of MICHAEL J. LAWTON, the monetary sum awarded to him in the judgment heretofore rendered in suit number 29538, affirmed on appeal, and such recordation and deposit shall constitute a conveyance of the timber herein involved in accordance with the terms of the July 29, 1974 buy-sell agreement as herein interpreted. In the event this alternative procedure is necessary, *39 LOUISIANA PACIFIC CORPORATION is to have a period of one year from the date of such recordation and deposit within which to harvest the aforesaid timber.
(4) MICHAEL J. LAWTON d/b/a LAW-TON FOREST PRODUCTS be and he is hereby ordered to convey, assign and deliver to LOUISIANA PACIFIC CORPORATION all rights of way and license agreements secured by him from adjoining land owners, pursuant to the provisions of the buy-sell agreement, so as to permit undisturbed ingress and egress by LOUISIANA PACIFIC CORPORATION to the tract of land from which the timber is to be harvested.[6]
(5) Costs at the trial level and on appeal are to be borne equally by the parties.
AMENDED AND AFFIRMED.

. The record clearly establishes that there was no form of deed attached to the agreement contrary to the recitation contained in the contract.

. A separate and distinct stipulation also contained in the act of sale provides for a reservation (regardless of the existence of any obligation on the part of Lawton under the July 29, 1974 contract) in favor of Lawton of all timber twelve inches in diameter measured twelve inches from the ground, together with rights of ingress and egress, subject to liability for damages caused to the landowner. However, “all such rights and reservations shall terminate without putting in default or any notice whatsoever eighteen (18) months after April 7, 1976.”
We construe this stipulation as providing that only the rights reserved by Lawton for himself are subject to the October 7, 1977 termination date. Rights in the timber estate reserved by Lawton in order to comply with his obligations under the July 29, 1974 contract with Louisiana Pacific have not terminated, but instead, remain viable until the final disposition of this matter by the courts. We thus conclude that even though October 7, 1977 has passed, Lawton has retained title to the timber in question, by virtue of the stipulation set forth in the main body of our opinion, so that he may be compelled to convey said title in compliance with a decree of specific performance.

. We conclude that Lawton can still comply with his obligations under the July 29, 1974 agreement even though October 7, 1977 has passed. See our discussion at footnote # 2.

. The upward adjustment in the size of the timber from eight inches to twelve inches presumably was made to account for the estimated annual growth of the timber in question. Thus, the timber affected by this judgment is essentially the same timber which existed at the time of the July 29, 1974 agreement. This upward adjustment is supported by the record and will not be disturbed on appeal. In any event, Louisiana Pacific does not contest this adjustment of timber size in the judgment, having neither appealed nor answered the appeal of defendant-appellant.

. As previously set forth herein we interpret the buy-sell agreement as allowing a one year term for removal of the timber by the vendee to reckon from the date on which the timber sale is executed ■ or this judgment becomes final. Additionally, we determine that the upward adjustment as to the size of timber is required so as to assure that the timber to be harvested is the same as that contemplated to be sold by the agreement of July 29, 1974.

. Although we reiterate this portion of the trial court decree we observe that it is probably unnecessary or superfluous in that the necessary rights of way and licenses have been previously assigned to Louisiana Pacific Corporation.