546 So.2d 609 (1989)
Carolyn Rosenbaum BARBIN, Plaintiff-Appellant,
v.
James Donald BARBIN, Sr., Defendant-Appellee.
No. 88-296.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Cole & Guidry, Robert L. Cole, Lafayette, for plaintiff-appellant.
Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, Stephen Stefanski, Crowley, for defendant-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
STOKER, Judge.
This is an appeal from two holdings of the trial court in a judgment partitioning the community property co-owned by the parties who were formerly husband and wife. The plaintiff is the appellant. There is no complaint as to what the trial court *610 found to be community property, and there is no complaint as to the valuations fixed by the trial court. The appellant's complaints are these: (1) the failure to charge the husband with legal interest on three items of community funds which he had under his control, which interest appellant claims should have been credited to the community, and (2) the awarding of a certificate of deposit and checking account funds to appellant rather than granting a money judgment against the husband for the amounts these funds represented.

FACTS
The parties in this case were granted a judgment of separation on August 16,1984 which retroactively terminated the community as of March 31, 1983, the date on which the petition for separation was filed. A trial on the merits to partition the community was held in June 1987 and a judgment of partition was rendered on August 26,1987. At the trial, the trial court found that the plaintiff wife owed reimbursement for $36,657.01 of community property and the defendant husband owed reimbursement for $151,735.07 of community property. To equalize the partition the court awarded to plaintiff a money judgment against defendant for $92,225.61. In the division of the specific items of the community the trial court awarded the appellant wife two items which stood in her former husband's name, the certificate of deposit and checking account mentioned above.

ASSIGNMENT 1: LEGAL INTEREST
In this assignment the appellant asserts a novel claim. Mrs. Barbin claims that three separate funds determined by the court to have been community funds were held by Mr. Barbin from the time of dissolution of the community without investment or management so that they would earn interest. Accordingly, Mrs. Barbin asserts that the trial court erred in not charging Mr. Barbin with legal interest on these funds and crediting such interest to the community to be partitioned with all other community property and funds.
The three funds Mrs. Barbin refers to are described in her brief as follows:
"(a) Funds removed by
 JAMES DONALD BABIN
 from the community
 checking account No.
 2-009-30 on February
 21, 1983 in the amount
 of FIFTY-THREE
 THOUSAND, FOUR
 HUNDRED & NO/100
 ($53,400.00) DOLLARS.
 Legal interest claimed
 by plaintiff from April 1,
 1983 through date of trial
 on Item 24 of her Detailed
 Descriptive List. $ 27,234.00
(b) Legal interest on bonus
 check received by
 JAMES DONALD BARBIN
 on March 15, 1983
 in the amount of SIXTTWO
 THOUSAND,
 TWO HUNDRED
 EIGHT & NO/100 ($62,208.00)
 DOLLARS, with
 legal interest computed
 from April 1, 1983, the
 date of trial and claimed
 by plaintiff in Item 12 of
 her Detailed Descriptive
 List: 31,726.00
(c) Legal interest on those
 funds remaining in the
 checking account of
 JAMES DONALD BABIN
 at FIRST NATIOAL
 BANK, Crowley,
 Louisiana, said legal interest
 computed on the
 balance of said account
 of TWELVE THOSAND,
 FIVE HUDRED
 SIXTY-ONE &
 NO/100 ($12,561.00)
 DOLLARS from April 1,
 1983 through date of trial
 and claimed by plaintiff
 in Item 10 of her Detailed
 Descriptive List: 6,406.11
 __________
 TOTAL LEGAL INTEREST
 LAIMED $65,366.11"
The community was terminated as of March 31, 1983 by the judgment of separation. The judgment of partition was signed on August 26, 1987. On the subject of interest the judgment provided: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiffs claims for legal interest on various sums owed by *611 defendant to the community are hereby denied. The Court will grant plaintiff legal interest on the sums due her by defendant, as hereinabove stated."
In his written reasons for judgment, the trial judge found:
"The wife has made a claim for legal interest on certain sums owing by the husband to the community and there appears to be some authority for the granting of legal interest for this. Fouchi v. Fouchi, 487 So.2d 496 (La.App. 5th Cir. 1986); Auger v. Auger, 434 So.2d 492 (La.App. 2d Cir.1983); Hodson v. Hodson, 292 So.2d 831 (La.App. 2d Cir.1974).
"This Court is of the opinion that in the cited cases legal interest has been awarded where a judgment has been rendered against the husband for fraudulently damaging the wife by disposing of community property or by other means. These actions are ex delicto in the [sic] nature and legal interest is specifically provided by law. See, LSA-R.S. 13:4203.
"In the present case both parties converted community properties to their own use and the wife made certain claims against the separate estate of the husband. It was impossible to settle this community until all claims had been litigated and for that reason the Court will grant legal interest on the sums due her by the husband from the date of judgment."
We affirm the denial of interest as claimed by plaintiff-appellant. We know of no theory of law that requires a former partner in community to invest community funds prior to partition so that they will earn interest in the interim between dissolution of the community and the date of partition. Plaintiff-appellant relies on the cases referred to by the trial court in its written reasons. In those cases legal interest was allowed from the date of termination of the community under LSA-C.C. art. 1938 (now embodied in LSA-C.C. art. 2000) on any balance owed to one spouse to equalize their positions where the spouse owing the equalizing payment has been guilty of fraud in attempting to conceal or misrepresent facts concerning community property. Here, in this case, the plaintiffappellant seeks to hold the defendant liable to the community (not to her) for allowing community funds to be idle prior to the partition. It is true that plaintiff-appellant charges the defendant with attempted fraud, but her claim is not based the same as those cases represented by Hodson v. Hodson, 292 So.2d 831 (La.App. 2d Cir.), writ denied, 295 So.2d 177 (La.1974), and referred to by the trial court in its reasons for judgment. This being the case, we need not consider whether the Hodson v. Hodson line of cases (the so-called ex delicto cases) represent good law.[1] We hold that appellant's claim for the legal interest in question is groundless. Interest from the date of the partition judgment is not in question.

ASSIGNMENT 2: AWARD OF CERTIFCATE OF DEPOSIT AND CHECKING ACCOUNT
Plaintiff-appellant contends in her second assignment of error that the trial court erred in awarding to her Certificate of Deposit No. 14842 and defendant's Checking Account No. 2-009-30 instead of a money judgment against defendant for $41,352.99. At oral argument counsel for the parties agreed that at the time of trial the certificate of deposit no longer existed. Under the circumstances, the trial court unwittingly erred in awarding this item to plaintiff-appellant. Consequently, we will rectify the error. As to the checking account, plaintiff cites no authority for the proposition that she is entitled to a money judgment instead of community assets and we have found none. Instead, LSA-R.S. 9:2801(4)(c) provides:
"(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating *612 assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
"In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security."
The trial court did not abuse its discretion in awarding the checking account to plaintiff instead of a money judgment. See Patin v. Patin, 462 So.2d 1356 (La.App. 3d Cir.), writ denied, 466 So.2d 470 (La.1985).
Plaintiff contends we should award her a money judgment to replace the checking account because defendant has not delivered the account to her as required by the judgment of partition. Plaintiff speculates that defendant has probably converted the account funds to his own use, but has adduced no evidence to support these allegations. The proper remedy to enforce the partition judgment is not a request for a money judgment on appeal, but rather an application to the trial court for a writ of execution under LSA-C.C.P. art. 2251, et seq. The rendition of a judgment gives rise to an action to enforce it. Louisiana Pacific Corp. v. Lawton, 357 So.2d 30 (La. App. 3d Cir.1978); LSA-C.C.P. art. 2501; see also Rawley v. Rawley, 357 So.2d 286 (La.App. 1st Cir.), writ denied 357 So.2d 1154 (La.), cert. denied, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978); Blunson v. Brocato, 187 La. 637, 175 So. 441 (1937).
We note that plaintiff did attempt to enforce the judgment once previously but the trial court properly denied plaintiff's motion because the delay for suspensive appeal had not elapsed. See LSA-C.C.P. art. 2252.
With reference to the certificate of deposit for $41,352.99, counsel for Carolyn Rosenbaum Barbin alleges in her brief before this court that the evidence establishes that Certificate of Deposit No. 14842 from First National Bank in Crowley, Louisiana did not exist as of October 8, 1986. It is asserted that the sum of $41,352.99 represented by the certificate, standing in the name of Mr. Barbin, was reinvested in a new certificate in the amount of $100,000. Therefore, the certificate of deposit for $41,352.99 had lost its identity by the time of the trial and partition judgment. At oral argument counsel for Mr. Barbin conceded that these facts were true but declined to suggest what the remedy might be.
Since the certificate of deposit did not exist, the award of the certificate of deposit to Mrs. Barbin was error. From the standpoint of judicial economy the most appropriate remedy is for us to amend the judgment to eliminate the award of the certificate of deposit and to award Mrs. Barbin a money judgment for an additional sum of $41,352.99. We think it is appropriate that the sum bear legal interest from the date of the judgment of partition. The total money judgment should be amended to be $133,578.50 with legal interest.

DECREE
For the foregoing reasons, the judgment of the trial court is amended to provide the money judgment in this case in plaintiffs favor be the sum of $133,578.50, together with legal interest from date of the judgment of partition, August 26, 1987. In all other respects the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
*613 AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] In the view of the writer of this opinion, the line of cases represented by Hodson v. Hodson, 292 So.2d 831 (La.App. 2d Cir.), writ denied, 295 So.2d 177 (La. 1974), is questionable insofar as they provided for payment of legal interest from the date of dissolution of a community. I think LSA-C.C. art. 1938 (now Article 2000) was misapplied in those cases as well as in Culpepper v. Slater, 131 So.2d 76 (La.App. 2d Cir.1961).