567 So.2d 774 (1990)
Nita Mae VICE, Plaintiff-Appellant,
v.
Billy Ray VICE, Defendant-Appellee.
No. 89-373.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*775 McClain & Morgan, R. Scott McClain, Lake Charles, for plaintiff-appellant.
Carl A. Leckband, Jr., Lake Charles, for defendant-appellee.
Before DOMENGEAUX, C.J., and FORET and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Nita Mae Duhon Vice and Billy Ray Vice were married in 1963 and divorced in 1982. The community was terminated as of July 16, 1981. Subsequent to the divorce proceedings, Nita Vice brought this action for division of the community. She now appeals the judgment which followed, urging as error an unequal net distribution of property and the failure of the trial court to award legal interest.
In dividing the community, the trial court determined that of the several pieces of immovable property owned by the parties, only one could be classified as part of the community. The property, consisting of a burned home and lot in Vinton, Louisiana, was allocated to Billy Vice.
On appeal, Nita suggests the trial court erred in allocating the Vinton property to Billy. We find no merit to this contention. As we pointed out in Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir. 1985), writ denied, 466 So.2d 470 (La.1985),[1] La.R.S. 9:2801(4)(c) authorizes the judicial assignment or allocation of community assets to one spouse or the other. We find no abuse of the trial court's discretion in its decision to allocate the Vinton property to Billy.
While we find no error in the allocation of community assets made by the trial court, we will correct the resulting unequal net distribution which left Nita with assets valued at $4,760.00 less than Billy's. In addition to the Vinton property, Billy received numerous household items and tools, a truck, and the proceeds from the sale of a boat and a car. The value of these items, based on the testimony of an expert appraiser, totaled $12,740.00. Billy also received a gold flatware set which he testified was purchased for approximately $100.00. Billy's retirement funds were not divided between the parties, but Nita does not contest the allocation of that asset and no evidence was presented to prove the present value of the funds or the amount of community contributions made to the account. Therefore, Billy's share of the community has a value of $12,840.00.
As her share of the community, Nita received cash, jewelry, thirty shares of Dupont stock, and a car. The expert appraiser valued these items at $8,080.00. Additionally, the trial judge ordered Billy to reimburse $5,000.00 to Nita, representing *776 funds taken from her in 1981 after an informal division of a certificate of deposit. An informal partition is a valid division of community property and the funds are not subject to further division. Garcia v. Garcia, 491 So.2d 1350 (La.App. 5th Cir.1986). The reimbursement owed to Nita will not be added to her share of the community; therefore, the value of Nita's share is $8,080.00.
In order to equalize the distribution of assets, La.R.S. 9:2801(4)(c) authorizes the court to order the payment of an equalizing sum of money. We amend the judgment of the trial court and order a payment of $2,380.00 to be made by Billy to Nita, either in cash or through the execution of a secured note, within thirty days of the finality of this judgment. In the event Billy chooses to execute a secured note, the note is to be payable in monthly installments, with interest according to then current market rates, and shall be for a term not to exceed one year.
As her final assignment of error, Nita requests interest from the date of judicial demand on the $5,000.00 reimbursement owed by Billy. Nita did not ask for interest in the trial court. Accordingly, we find Nita is entitled to interest only from the date of the partition judgment on the $5,000.00 sum owed as reimbursement and on the $2,380.00 sum owed as an equalizing payment. Barbin v. Barbin, 546 So.2d 609 (La.App. 3rd Cir.1989).[2]
For the foregoing reasons, the judgment of the trial court is amended to reflect the following order: Billy Ray Vice is ordered to pay $2,380.00 to Nita Mae Duhon Vice, in cash or by the execution of a secured note, within thirty days of the finality of this judgment. In the event Billy Ray Vice chooses to execute a secured note, the note is to be payable in monthly installments, with interest according to then current market rates, and shall be for a term not to exceed one year. Billy Ray Vice is further ordered to pay interest on the $5,000.00 owed to Nita Mae Duhon Vice from the date of the partition judgment rendered by the trial court.
In all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] Although the holding of Patin was partially overruled by the enactment of La.R.S. 9:308 B (1985 La.Acts, No. 732), that portion of Patin pertinent to the case before us remains valid.
[2] In Barbin, this court affirmed the denial of interest allegedly owed on certain funds in the husband's possession between the date of dissolution of the community and the date of partition. Such interest has been awarded in cases involving fraud or misrepresentation; however, as in Barbin, the plaintiff herein did not prove facts which would give rise to an award of prejudgment interest.

To the extent that this decision may conflict with Oliver v. Oliver, 561 So.2d 908 (La.App. 2d Cir.1990), we disagree with that opinion and choose to follow the language of Barbin.