602 So.2d 1099 (1992)
Blanche Beverly MICHAEL
v.
Anthony Albert MICHAEL.
No. 91 CA 1010.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Samuel R. Cicero, Baton Rouge, for plaintiff-appellee Blanche Beverly Michael.
William C. Shockey, Baton Rouge, for defendant-appellant Anthony Albert Michael.
*1100 Before COVINGTON, C.J., and LEBLANC and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal from a judgment partitioning the community of acquets and gains formerly existing between plaintiff, Blanche Rose Beverly Michael, and defendant, Anthony Albert ("Al") Michael.[1] At issue is the classification of a certain immovable., referred to by the parties as the "Lils Court property", allocated to Mrs. Michael in settlement of a prior community, which settlement was confected shortly after she married Mr. Michael. Because assets allocated to a spouse in a prior community property partition or settlement are properly classified as that spouse's separate property under LSA-C.C. art. 2341 for purposes of partitioning a subsequent community, we affirm as amended the trial court's judgment classifying the Lils Court property as Mrs. Michael's separate property in full ownership.

FACTS AND PROCEDURAL HISTORY
The facts pertinent to this appeal are not disputed. Blanche and Al Michael were married on October 16, 1972. By virtue of a judgment of separation rendered on Mr. Michael's reconventional demand, the community was terminated as of September 9, 1987.
Prior to her marriage to Mr. Michael, Mrs. Michael had been married to Richard M. Grant, Jr. The Lils Court property was acquired by her and Mr. Grant during their marriage. In 1965, the Grants built a house after receiving a lot donated by Blanche's father and mortgaged the house and lot for $18,300.00. The first of 360 monthly payments of $103.91 was due on September 1, 1965.
Apparently, the Lils Court property served as the Grant family home until the Grants were divorced in 1971.[2] Before effecting a settlement or partition of the Grant community, however, Blanche married Mr. Michael. Settlement of the Grant community did not occur until January 8, 1973, two and a half months after Blanche married Al Michael.
According to the terms of the settlement, Blanche acquired a full ownership interest in the Lils Court property and assumed full responsibility for payment of the mortgage on the property. The settlement also provided that she pay Mr. Grant a cash sum of $3,000.00.
During the existence of the Michael community, the Lils Court property was rented to third parties. Mrs. Michael did not file a declaration reserving the rents as her separate property under LSA-C.C art. 2339. However, the rent collected was used to pay obligations of the Michael community, including monthly mortgage payments on the Lils Court property.
After rendition of the judgment of separation, Mr. and Mrs. Michael were unable to agree to a voluntary settlement of their community. Thereafter, Mrs. Michael petitioned for a judicial partition of the community on July 11, 1988. The parties subsequently agreed to the allocation of certain community assets, but were unable to agree to the disposition of property referred to as the Tara home, the Garden home, accrued rents from the Garden home, Mr. Michael's retirement account, and the classification of the Lils Court property.
After trial in which both parties testified and evidence was introduced, a judgment of partition was rendered and provided that Mrs. Michael would receive the Garden home and the sum of $15,247.07 as an equalizing payment, and that Mr. Michael would receive the accrued rents from the Garden home, the Tara home and his retirement account.
The principal dispute in this appeal involves the classification of the Lils Court property. The trial court ruled that because the Lils Court property was acquired during the existence of the Grant community, *1101 it was the separate property of Mrs. Michael. Al Michael suspensively appeals this ruling and makes six assignments of error.
The first assignment alleges the trial court erred in finding that the presumption of community provided in LSA-C.C. art. 2340 does not apply where a spouse acquires, during marriage, the remaining undivided one-half interest in property in which the other half is held as separate property. The second and third assignments allege that the trial court erred in finding that the Lils Court property belonged to Mrs. Michael's separate estate, arguing that the contradicted testimony of Mrs. Michael was insufficient to overcome the presumption of community.
In his fourth and fifth assignments of error, Al contends the trial court erred in using the current value of the Lils Court property in determining whether the value of community things used to acquire it was inconsequential to the value of the separate things used. His last assignment of error is that the trial court erred in comparing the community contribution to the value of the property rather than to the value of the separate property contributed.
Mrs. Michael answered the appeal, and seeks a modification of the judgment and damages for frivolous appeal. She contends that the judgment should have included a provision for interest from date of judicial demand on the $15,247.07 equalizing cash payment to her and argues that the judgment, as rendered, does not allow her to collect the rentals from the Garden home, even though it was allocated to her in the judgment.

DISCUSSION
The premise of Mr. Michael's argument on appeal is that Mrs. Michael brought into the marriage a discrete, undivided one-half interest in the Lils Court property as her separate property. He contends that because Mrs. Michael settled the Grant community during the existence of the Michael community, the Michael community acquired the remaining undivided one-half interest in the Lils Court property.
We do not agree with this argument. Our Civil Code makes a distinction between the community and things of the community. See LSA-C.C. art. 2336. Prior to her marriage to Al, Blanche owned an undivided one-half interest in the Grant community, of which the Lils Court property was only a part. The effect of the Grant community property settlement was to transform each spouse's present undivided onehalf interest in the community into the full ownership of assets of an approximately equal net value.
Under LSA-C.C. art. 2341, property acquired with separate things is classified as separate property. When a thing forming part of the separate property of a spouse is converted into another thing, the mass of the separate property is not diminished. The new thing takes the place of the old: "Subrogatum capit naturam subrogati." Succession of Davis, 496 So.2d 549, 552 (La.App. 1st Cir.1986). If any remaining interest in the Lils Court property was acquired during the existence of the Michael community, it was acquired with the balance of Mrs. Michael's undivided one-half interest in the Grant community, which was her separate property.[3]
In support of his position, Mr. Michael cites De Sentmanat v. Soule, 33 La.Ann. 609 (1881). The case stands for the proposition that where a spouse owns an undivided one-half interest in property before marriage and acquires the other undivided onehalf interest during marriage, one-half of the property is separate in nature, and the other half is presumed to be community. Mr. Michael contends De Sentmanat v. Soule is analogous to the present case. For the reasons stated above, we disagree. *1102 Mrs. Michael did not gain any additional property as a result of the Grant community settlement; full ownership in the Lils Court property took the place of her undivided one-half interest in the Grant community.
The full ownership interest in the Lils Court property received by Mrs. Michael in the Grant community settlement represents her undivided one-half interest in the Grant community. Because Mrs. Michael gained no additional property in the transaction, the Michael community acquired no interest in the Lils Court property. Thus, the trial court correctly classified the Lils Court property as the separate property of Mrs. Michael.
From our review of the record, it is apparent that the trial court based its ruling on the fact that the property was acquired during Blanche's prior community, and not because a portion of it was acquired during the Michaels' marriage with separate things and with community things which were of inconsequential value. We view the trial court's comments concerning the inconsequential nature of the value of community things used in comparison to the value of separate things used as mere dicta by the Court made in response to the argument advanced by counsel for Mr. Michael. As the trial court correctly noted, the values would only be relevant in determining the amount of any reimbursement, if due.
For these reasons, we find no merit in Mr. Michael's assignments of error. We find no error in the trial court's determination that the Lils Court property belonged to Mrs. Michael's separate estate. We further conclude that Mrs. Michael successfully rebutted any presumption that the Lils Court property was an asset of the Michael community. Accordingly, the judgment of the trial court is affirmed insofar as it denied Mr. Michael and/or the Michael community any interest in the Lils Court property.
We now address the claims raised by Mrs. Michael in her answer to this appeal. Mrs. Michael alleges that she is aggrieved by the terms of the judgment rendered, as the judgment makes no provision for interest on the cash sum awarded to her and makes no allowance for her to collect rent from the Garden home. She also alleges that the appeal taken by Mr. Michael is frivolous and was perfected solely as a delaying tactic. She seeks legal interest on the cash award from the date of judicial demand, $500.00 per month for rent on the Garden home from the date judgment was entered to the present, damages for frivolous appeal and costs.
The court shall award interest in the judgment as prayed for or as provided by law. LSA-C.C.P. art. 1921. Mrs. Michael's petition does not include a prayer for interest, but this does not preclude an award of interest in this case as legal authority for such an award exists. When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due. LSA-C.C. art. 2000; Vice v. Vice, 567 So.2d 774 (La.App. 3rd Cir.1990). However, pursuant to the authority cited, we find she is entitled to interest on the equalizing cash payment only from the date the judgment of partition was rendered.
In the Vice case, the court addressed the issue of whether interest was due on an equalizing cash payment in a judgment of partition. Relying on Barbin v. Barbin, 546 So.2d 609 (La.App. 3rd Cir.1989), the court held that interest was owed only from the date of the judgment of partition, not the date of judicial demand. Vice, 567 So.2d at 776. There, the basis for denial of prejudgment interest was the lack of any proof of fraud or mismanagement, as would give rise to prejudgment interest under LSA-R.S. 13:4203.
We are aware of a disparate holding in Oliver v. Oliver, 561 So.2d 908 (La.App. 2nd Cir.1990), but choose to follow the holding in Vice because under the facts of the present case, this is not a delictual action. See Barbin, 546 So.2d at 611.
Mrs. Michael alleges that the rent from the Garden home is $500.00 per month and seeks recovery of that amount from the date judgment was entered until *1103 the present. We agree that she is entitled to any rents which accrued or were collected by Mr. Michael after the rendition of the judgment of partition and during the pendency of this appeal. However, we are unable to ascertain from the record whether any rents have been collected or became due, and if so, the amount of those rents. Because the record before us is incomplete in this regard, we remand to the trial court for a determination of the amount of the rentals which have been collected or became due to Mrs. Michael during the pendency of this appeal, including interest on the rentals from the time they accrued.
We also note that an arithmetic error was made in calculating the amount of the $15,247.07 equalizing payment. The stipulated value of the assets allocated by the trial court were as follows:

Garden home___________________________________ $ 60,000.00
Accrued rents from the Garden home____________ $ 9,804.13
Community interest in the Tara home___________ $ 61,850.00
Retirement benefits___________________________ $ 18,480.00
 ___________
TOTAL_________________________________________ $150,134.13

The trial court used the figure of $150,494.13 as the total value of community assets to be allocated, which overstates the actual value by $360.00. Thus, the amount of the equalizing payment due to Mrs. Michael is overstated by one half of that amount, or by $180.00. Accordingly, we also instruct the trial court on remand to correct this error.
Finally, Mrs. Michael seeks damages for frivolous appeal pursuant to LSA-C.C.P. art. 2164. Since it is penal in nature, this provision must be strictly construed. Fisk v. Mathews, 525 So.2d 223 (La.App. 1st Cir.1988). Further, appeals are favored, and penalties for frivolous appeal will not be imposed unless they are clearly due. Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel is not serious in the position he advocates. Fisk, 525 So.2d at 227.
In this case, Mr. Michael's position was briefed extensively. Further, his argument on appeal was logical and made in good faith, even though it was not accepted by this Court. We do not find that the appeal was taken solely for the purpose of delay or that counsel was not serious in the position advocated. Accordingly, damages for frivolous appeal are denied.

DECREE
The judgment appealed from is hereby amended to award interest on the equalizing cash payment due to Mrs. Michael from the date of the judgment of partition, until paid. The case is remanded, however, for a determination by the trial court of the amount of rentals collected or which otherwise became due to Mrs. Michael during the pendency of this appeal, including interest on the rentals from the time they accrued, and for correction of the arithmetic error made in the calculation of the equalizing payment due to Mrs. Michael. In all other respects, the judgment is affirmed. All costs of this appeal are to be paid by Mr. Michael.
AFFIRMED, AS AMENDED, AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Mrs. Michael's maiden name is Blanche Rose Beverly.
[2] This judgment of divorce was rendered on December 17, 1971. The date of termination of the Grant community, however, does not appear of record.
[3] The trial court inferentially disbelieved Mr. Michael's testimony and denied his claim for reimbursement of separate funds allegedly used to pay the $3,000.00 cash payment made by Mrs. Michael to Mr. Grant. The court also denied his claim for reimbursement of community funds used to make payments on the mortgage, finding that the community had already benefitted from the rentals, which far exceeded the $103.91 monthly payments. Mr. Michael does not appeal the denial of these claims.