609 So.2d 1175 (1992)
Don D. WEBBER, Plaintiff-Appellant,
v.
Corina C. Webber BERRY, Defendant-Appellee.
No. 24,172-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1992.
*1176 Comegys, Lawrence, Jones, Odom and Spruiell by William G. Nader, Shreveport, for plaintiff-appellant.
Sockrider, Bolin & Anglin by H.F. Sockrider, Jr., Shreveport, for defendant-appellee.
Before NORRIS, LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
VICTORY, Judge.
In this case, Don D. Webber appeals a judgment which partitioned his future retirement benefits under the "fixed percentage method" set forth in Sims v. Sims, 358 So.2d 919 (La.1978). Mr. Webber contends the trial court erred as a matter of law in not applying the principles set forth in Hare v. Hodgins, 586 So.2d 118 (La.1991). Mrs. Berry answered the appeal, asserting that the value assigned to certain immovable property was too low, and that the legal interest on the sums awarded to her in the judgment should accrue from date of judicial demand, rather than from date of rendition of the judgment. We amend in part, and affirm as amended.

FACTS
Don Webber and Corina Webber Berry were married on April 5, 1971 and three years later, on March 22, 1974, Mr. Webber began employment with the Bossier City Police Department. The parties' community was terminated on September 12, 1986, with the filing of their divorce suit. On September 28, 1987, the parties entered into an act of partial partition of their real estate, but did not value the properties at that time.
Mrs. Berry filed suit to partition the community on September 26, 1990. Therein she sought not only a partition of Mr. Webber's retirement benefits, but also a partition of all other assets, both real and movable. The case was tried on October 21 and 22, 1991 and the trial judge rendered an oral opinion at the conclusion of the trial. Mr. Webber appeals only that portion of the partition judgment involving division of his future retirement benefits, and Mrs. Berry appeals only that portion of the judgment involving the value assigned to immovable property located at 980 Stewart Road in Haughton, LA, and the legal interest on her equalizing payment.

*1177 RETIREMENT BENEFITS
Mrs. Berry's attorney stipulated prior to trial that Mrs. Berry has an undivided one-half community interest in only that portion of Mr. Webber's retirement benefits accruing from March 22, 1974, the beginning date of his employment with the police department, to September 12, 1986, the dissolution of the community. On appeal, Mr. Webber concedes that the Sims formula for evaluating future retirement benefits is appropriate, but submits that the Sims valuation should have been adjusted to reflect the substantial post-community increase in benefits due to his personal efforts and skill. Appellant relies primarily on the language of the Supreme Court in Hare v. Hodgins, supra at 127, 128:
Nevertheless there will be unusual cases in which a substantial part of the increased retirement benefits earned by the employee spouse after divorce will not result from a foundation provided by prior community earnings. In such cases, the partitioning court should select a more equitable method or modify the community or marital fraction rule to attribute that part of the post-divorce increase to the employee spouse separately...
In general, the partitioning court should inquire as to whether a substantial post-community increase is due to personal effort or achievement after the termination of the community that has little or no relationship with the prior community. The community should not be given credit when a substantial post-community increase to a retirement fund is due to a singular personal factor such as individual effort, education or achievement resulting in a merit raise or an extraordinary promotion or series of promotions...
On the other hand, when such an increase results from non-personal elements such as longevity raises, cost-of-living raises, forfeitures by terminated employees, and investment returners, the community should participate in that gain ...
Mrs. Berry does not dispute the validity of the above quoted language, but instead insists that appellant failed to prove that his retirement fund experienced substantial post-community increases that were accredited to his personal effort, skill or education. In discussing appellant's burden of proof, appellee quotes the following from Hare v. Hodgins, supra at 128:
Because the employee spouse is generally in a position of superior knowledge and is attempting to prove the unusual or unlikely case, the burden of going forward with evidence and of persuasion on this issue properly should be assigned to the employee spouse ... Moreover, since the employee spouse has the burden of production of the evidence and persuasion, cases of doubt should be resolved in favor of the community and against the employee's spouse's separate estate or subsequent marital community.
Mr. Webber urges that the trial court erred as a matter of law in not applying the principles set forth in Hare v. Hodgins, supra, decided on September 9, 1991.[1] The instant case was tried on October 21 and 22, 1991, thus, the ruling of Hare v. Hodgins was in effect when this case was tried and decided.
Although Mr. Webber claims in brief that the two promotions he received after the termination of the community have increased his retirement benefits due to his personal efforts and skill, he failed to introduce evidence at trial to prove his contentions. The record reveals that at the time of trial Mr. Webber held the rank of captain and enjoyed a $3,000 per month salary. Mr. Webber testified that his latest raise was on January 1, 1991 when he was promoted from Lieutenant to Captain, but he did not indicate the amount of the raise nor the basis of his promotion. The record also reveals that Mr. Webber received a $300 raise on September 1, 1991, along with all *1178 other Bossier City employees. On these facts alone, we cannot say Mr. Webber proved that any of his post-community increases in compensation were due to his personal effort or skill and unrelated to the prior community.
Counsel for appellant states in brief that Mr. Webber was employed as a sergeant with the police department on September 12, 1986 and has realized a increase in his monthly salary of $1,000 now that he holds the rank of captain. However, this court has no authority to consider on appeal alleged facts referred to in brief which were not presented at trial. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Capital Drilling Co. v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986). Since appellant failed to prove at trial that his retirement benefits had substantially increased due to post-community personal effort and achievement unrelated to the community, the court's division of the retirement benefits under the Sims formula was correct and is affirmed.[2]

APPRAISAL OF REAL ESTATE
In her answer to this appeal, Mrs. Berry contends the trial court erred in lowering the appraisal value of a parcel of real estate located at 980 Stewart Road. In oral reasons, the trial judge stated he had viewed two appraisals of the property, one performed by Bill Hearn as of September 28, 1987, and one performed by Randy Brossette as of September 2, 1991. Only Mr. Hearn's appraisal indicates the value of the property at the time the parties entered into an act of partial partition on September 28, 1987. The court stated that when comparing the two appraisals, Mr. Hearn apparently failed to make any adjustment for the acreage contained in the property appraised and the comparables used. For this reason, the trial court reduced Hearn's $59,500 appraisal by $6,000, an amount used by the other appraiser, Mr. Brossette, to adjust totally different comparables from those used by Mr. Hearn.
In his appraisal of September 28, 1987 (Exhibit P-16), Mr. Hearn recited three sales of properties most similar and proximate to 980 Stewart Road to use in his sales comparison analysis. On the Uniform Residential Appraisal Report, Mr. Hearn indicated that he was using vacant land comparables, as he could find no comparable houses for comparison. (The subject house was a metal building that had been partially converted into a home.) Since this portion of the appraisal was based on land comparison only, Mr. Hearn used the Marshall and Swift publication for determining the value of the home, $38,139. Under the "Site/View" column on the report, Mr. Hearn found the subject property to be significantly inferior to his Comparable No. 1, and therefore, subtracted $7,750 from the value of that comparable. The "addendum" to the appraisal shows that Comparable No. 1 was 5.83 acres, about the same size as the parties' tract, and was considered more valuable because of its accessibility and fronting on a main asphalt road. As to Comparable No. 2, he adjusted this 1.43 acre property to reflect a $14,470 increase in value, obviously due to its inferior size. Lastly, Mr. Hearn adjusted Comparable No. 3, consisting of 14 acres, by subtracting $8,600, obviously due to its larger size as compared to the subject property.
*1179 The trial judge apparently overlooked Mr. Hearn's adjustments for size, and therefore, substituted an adjustment for size made by the other appraiser, Brossette, on other comparables viewed four years after dissolution of the community. This ruling was manifestly erroneous. For these reasons, Mr. Hearn's $59,500 appraisal, being the only evidence of the value of the property as of September 28, 1987, should have been accepted without modification.

INTEREST
Finally, Mrs. Berry argues the trial court erroneously awarded judicial interest from date of rendition of judgment, instead of judicial demand. We find merit in this assignment of error as well.
According to Oliver v. Oliver, 561 So.2d 908 (La.App. 2d Cir.1990), legal interest is due from date of judicial demand in a suit for accounting and settlement of the community. In Oliver, this court noted that the Second Circuit's decision in Hodson v. Hodson, 292 So.2d 831 (La.App. 2d Cir. 1974), writ denied 295 So.2d 177 (La.1974), and the Fifth Circuit's decision in Fouchi v. Fouchi, 487 So.2d 496 (La.App. 5th Cir. 1986), writ denied 493 So.2d 636 (La.1986) were contrary to the Louisiana Supreme Court's pronouncement in Abraham v. Abraham, 233 La. 808, 98 So.2d 197 (1957), which held that legal interest is due from date of judicial demand in a suit for accounting and settlement of the community. Although the Third Circuit in Vice v. Vice, 567 So.2d 774 (La.App. 3d Cir.1990) has recently chosen to disagree with this court's decision in Oliver, we follow our previous pronouncement and order interest to run from date of judicial demand.
Mr. Webber argues in brief that Mrs. Berry is not entitled to any interest because she did not pray for it in her petition. Although a party does not pray for interest, a judgment may and should include an award of legal interest where legal interest is authorized by code article or statute. LSA-C.C.P. Art. 862; Security Home Mortg. Corp. v. Bogues, 519 So.2d 307 (La. App. 2d Cir.1988); Rollison v. Rollison, 541 So.2d 375 (La.App. 2d Cir.1989). Legal interest is due on all sums which are the object of a judicial demand. LSA-C.C. Art. 2924.

DECREE
The trial court's division of Mr. Webber's retirement plan pursuant to the Sims formula is affirmed. The judgment is amended to increase Mrs. Berry's equalizing payment to $17,566.99. The judgment is also amended to grant Mrs. Berry legal interest on $17,566.99 from date of judicial demand until paid. In all other respects, the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
When the community property regime ended in September 1986, the husband was a Sergeant on the Bossier City Police Department. At the trial of this partition action, the ex-husband testified to receiving two major promotions since the community had terminated. These promotions were from Sgt. to Lt. and from Lt. to Captain. To be considered for such promotions, Captain Webber was required to take and pass civil service tests and meet other requirements set by the Civil Service Board.
These two post-community promotions substantially increased Captain Webber's eventual retirement benefits. In Hare v. Hodgins, 586 So.2d 118, 121 (La.1991), the Louisiana Supreme Court stated that "if substantial post-community increases in the pension benefits were due to the employee spouse's individual meritorious efforts or achievement, and not related to prior contributions ascribable to the community, the percentage of the pension asset recognized as community property should be decreased accordingly." Thus, the community is not entitled to credit for post-community increases to pension benefits that were the result of personal factors, such as, individual effort, education, or achievement. Hare, 586 So.2d at 128.
*1180 In Hare, the court stated that because the employee spouse has the burden of proof and persuasion, cases of doubt should be resolved in favor of inclusions in the community. Hare, supra, at 128. However, the court in Hare also stated that "[i]n general, the partitioning court should inquire as to whether a substantial post-community increase is due to personal effort or achievement after the termination of the community that has little or no relationship with the prior community." Hare, supra, at 128.
It appears that the trial court and the parties were unaware of the Louisiana Supreme Court's holding in Hare, supra. (Hare was decided in September and this case tried in October of the same year). We find no evidence that the court inquired as to whether Captain Webber's post-community promotions were due to personal effort or achievement. Accordingly, the trial court may not have divided the community interest in the eventual pension benefits equitably. For us to resolve the issue by holding that Captain Webber did not sustain his burden of proof would neither be just or equitable.
Louisiana Code of Civil Procedure Article 2164 in part provides that:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal ...
This article authorizes an appellate court to remand a case when it is a just and proper disposition based upon the record. Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463, 464 (1970). Furthermore, a remand for the introduction of additional evidence is warranted when the new evidence is likely to affect the outcome of the case. Wascom v. State Farm Ins. Co., 517 So.2d 228 (La.App. 1 Cir.1987).
For the forgoing reasons, I would reverse and vacate the trial court's judgment to the extent that it partitioned Captain Webber's future pension rights and remand to the trial court with directions to conduct further proceedings to determine whether the community fraction rule underlying the fixed percentage method (Sims, supra) should be adjusted. If the post-community increases in earnings due to the promotions are attributable solely to Captain Webber's personal effort or skill, the Sims formula should be appropriately modified.
The Hare decision brings into serious question the efficacy of dividing pension benefits not yet matured. The more equitable rule would be to retain jurisdiction until retirement has matured and then determine if adjustments are due for post-community personal effort and achievement. Otherwise, as the majority opinion suggests, the parties may be faced with continuous hearings concerning promotions, educational changes, etc.
I would also affirm the trial court's discretion in the valuation of the property and the award of interest from the date of judgment. An equalizing payment in a partition lawsuit does not necessarily represent a favorable decision. Additionally, for practical reasons, such as not to relocate children, a conclusion to a partition action may be delayed by consent. I believe the better approach was stated in the Third Circuit in Vice v. Vice, 567 So.2d 774 (La. App. 3d Cir.1990).
I respectfully dissent.
NOTES
[1] A judgment of the supreme court becomes final and definitive when the delay for application for rehearing has expired (14 days) and no timely application therefor has been made. LSA-C.C.P. Art. 2167.
[2] Because Hare v. Hodgins involved a fully matured and vested retirement, all pay increases due to personal effort and merit had already occurred. However, in many cases, such as the instant case, the retirement is not yet fully matured or vested because the worker has not yet achieved retirement status, is still working, and may yet receive pay increases due to personal effort and merit. In such a case, if a partition using the Sims formula has already occurred, it would appear to be equitable to allow a modification of the partition for merit increases that occur after the partition has taken place. The Louisiana Supreme Court seems to be suggesting such a modification in Hare v. Hodgins by citing cases from other states in which jurisdiction is retained and actual division is delayed until pension payments are received. In further support of future modification, the court stated the employee spouse may request the court to "adjust" the community faction and to reallocate benefits to reflect gains attributable to the employee's personal effort and achievement. See Hare v. Hodgins, 586 So.2d 118, 128. We do not reach the issue in this case due to lack of proof.