664 So.2d 860 (1995)
Edwin G. PREIS, Jr.
v.
Elizabeth Bourque PREIS.
No. W95-352.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Writ Denied February 28, 1996.
Richard J. Hymel, Lafayette, for Edwin G. Preis, Jr.
Steven Gerald Durio, Lafayette, for Elizabeth Bourque Preis.
Before KNOLL, THIBODEAUX, SAUNDERS, PETERS and BROUILLETTE,[*] JJ.
SAUNDERS, Judge.
This case is on remand to us from the Louisiana Supreme Court which granted the Supervisory and/or Remedial writs of Edwin G. Preis, Jr. and ordered this court to render an opinion elaborating on the interest issue.
Elizabeth Bourque Preis seeks legal interest on the equalizing payment due to the increased award by this court. We hold that Ms. Preis should be granted interest on the judgment from the date of judgment of partition of community property.

FACTS
On October 17, 1990, Edwin G. Preis, Jr. and Elizabeth Bourque Preis both petitioned the trial court for separation. The two suits were subsequently consolidated and a judgment of divorce was granted December 17, 1991.
On May 17, 1991, Ms. Preis petitioned the trial court to partition the community property of the aforementioned marriage. After a two day trial in March of 1993, judgment *861 was rendered by the trial court on October 21, 1993. The judgment did not contain an equalizing payment to either party.
Both parties appealed the lower court's judgment. On November 2, 1994, this court ruled that the value of the community interest in the Preis and Kraft stock should be based on its value at the time of trial. Based on this ruling, Ms. Preis was entitled to an equalizing payment of $59,646.50 and this court awarded this amount.
Upon review of applicable case law, counsel for Ms. Preis wrote to counsel for Mr. Preis on February 1, 1995, requesting that interest from the date of filing the petition for partition of the community to present be added to the amount previously tendered. Counsel for Mr. Preis indicated that he would not pay interest on the amended award. On February 9, 1995, counsel for Ms. Preis filed a certified copy of the Third Circuit Court of Appeal November 2, 1994, opinion into the record. Because the issue of interest could not be resolved, on February 16, 1995, Ms. Preis then sought a motion to examine judgment debtor under the authority Razzaghe-Ashrafi v. Razzaghe-Ashrafi, 558 So.2d 1368 (La.App. 3 Cir.1990).
A conference was requested by Mr. Preis in Judge Rubin's chambers. In that conference, notwithstanding the case law presented to him to the contrary, Judge Rubin indicated his opinion that it was not equitable to allow interest on the amount due under the amended award. He also told counsel for Mr. Preis that if Mr. Preis would deposit the amount due, without interest, into the registry of the court, he would quash the examination of the judgment debtor. In response to this, Mr. Preis filed an ex parte motion to quash the motion to examine judgment debtor. Mr. Preis did deposit the funds into the registry of the court and Judge Rubin quashed the motion to examine judgment debtor.

INTEREST
Mr. Preis argues that since Ms. Preis did not seek a rehearing of this court's ruling and her application for a writ of Certiorari to the Louisiana Supreme Court was denied, this court's ruling awarding an equalizing payment without interest is final. Mr. Preis states that interest is due on a judgment only when the judgment provides for interest or the judgment relates to a tort action. Williams v. Williams, 431 So.2d 780 (La. App. 4 Cir.1983). Mr. Preis states that since this is not a tort action and that interest was not mentioned in the judgment, Ms. Preis should not be allowed to collect said interest. Mr. Preis argues procedurally that Ms. Preis should have applied for a rehearing to address this issue simply because the previous opinion did not specifically refer to interest as provided by law.
We find that the law does allow for recovery of interest in this situation. La. Code Civ.P. art. 1921 provides: "the court shall award interest in the judgment as prayed for or provided by law." The law in this circuit is clear that interest on a judgment of partition of community property is awarded from the date the judgment is rendered and not from date of judicial demand. Barbin v. Barbin, 546 So.2d 609 (La.App. 3 Cir.1989). This article combined with previous jurisprudence clearly establishes that Ms. Preis should be awarded interest from the date of judgment of partition of the community property.
In Reeves v. State, DOTD, 80 So.2d 206 (La.App. 2 Cir.1955), writ granted, affirmed, 232 La. 116, 94 So.2d 1 (1957), the court stated, per curiam:
Plaintiff in his original petition prayed for interest on the amount of damages claimed by him. The judgment of the trial court, which omitted any reference to interest, was, on plaintiff's answer to the appeal praying for an increase in the award "and for all general and equitable relief," amended by judgment of this court rendered April 14, 1955, which increased the award of the amount prayed for, and, as thus amended was affirmed, again without any specific reference to interest. This omission was first called to our attention in a motion filed by counsel for plaintiff which was denominated as a "motion to amend patent error in judgment rendered on April 14, 1955." Plaintiff then prayed that *862 the judgment be corrected as to specifically allow the interest demanded.
Reeves, 80 So.2d at 215.
After discussing authorities on the question of whether or not interest was due and whether or not a rehearing was necessary, the court concluded:
Therefore, adopting and adhering to the procedure filed in the cases of Layne v. Louisiana Power and Light Company, [164 So. 672 (La.App. 2 Cir.1935)] and Webb v. Vicksburg, S. & P.RY., Co., [9 La.App. 647, 119 So. 720 (2 Cir.1928)] both supra, the error patent on the face of the judgment appealed will be corrected without the formality of granting a rehearing.
An equalizing payment is arrived at after all of the allocations of assets and liabilities have been made, in order to affect a division of the community assets and liabilities so that each spouse receives property of an equal net value. It is from this reasoning that this court thoroughly understands that legal interest on the amount of increase awarded by this court should have been included in the award.
It has been well established by this court that interest on an equalizing payment should commence from the date of judgment, as set forth in Vice v. Vice, 567 So.2d 774 (La.App. 3 Cir.1990). Ms. Vice petitioned the court to partition the community property of the marriage. She appealed the judgment of the lower court, claiming that there was an unequal net distribution of property and that the trial court failed to award legal interest. This court ruled that Ms. Vice was entitled to interest from the date of judgment on the equalizing payment due under the partition of the community.
Also in Barbin v. Barbin, 546 So.2d 609, a money judgment was amended to equalize the payments to each party, with interest from the date of judgment of petition. In Michael v. Michael, 602 So.2d 1099 (La.App. 1 Cir.1992), the court held that even though Ms. Michael's petition did not include a prayer for interest, she was entitled to interest on the equalizing cash payment from the date the judgment of partition was rendered and not from date of judicial demand.
In the instant case, based on the aforementioned jurisprudence, Ms. Preis is entitled to an equalizing payment in the amount of $59,646.50, together with interest from the date of judgment of partition of the community property.

CONCLUSION
As a matter of law, relator, Elizabeth Bourque Preis, is entitled to and is hereby granted interest on the judgment of partition of community property from the date judgment was rendered.
WRIT GRANTED AND MADE PEREMPTORY IN PART; WRIT DENIED IN PART.
PETERS, J., dissents and assigns written reasons.
BROUILLETTE, J., dissents for reasons assigned by Judge PETERS.
PETERS, Judge, dissenting.
I respectfully disagree with the majority and find no error in the trial court's ruling.
This court rendered an opinion on November 2, 1994, amending the trial court's judgment by increasing the value of a community asset from $390,123.00 to $509,416.00. Preis v. Preis, 94-442 (La.App. 3 Cir. 11/2/94); 649 So.2d 593. On January 27, 1995, the Louisiana Supreme Court denied writs. Preis v. Preis, 94-2939 (La. 1/27/95); 649 So.2d 392.
The effect of this community value increase was to cause the property division to be out of balance in the amount of $59,646.50. An equalizing payment in that amount was tendered to Ms. Preis, but she demanded that interest be added from date of judicial demand. When Mr. Preis refused to pay the interest, she initiated a judgment debtor examination proceeding. The trial court quashed the judgment debtor examination after Mr. Preis deposited $59,646.50 into the registry of the court. The single assignment of error presented to this court is that the trial court erred in quashing Ms. Preis' motion for judgment debtor examination. However, it is clear from the writ application *863 before us that Ms. Preis seeks to have the judgment reformed to provide for interest from date of judicial demand on the equalizing amount.
We are without the power and authority to modify our judgment. La.Code Civ.P. art. 2167 provides in part:
Within fourteen days of the mailing of the notice of judgment in the supreme court, a party may apply to the court for a rehearing.
A judgment of the supreme court becomes final and definitive when the delay for application for rehearing has expired and no timely application therefor has been made.
Ms. Preis' judgment is now final and definitive and acquires the authority of a thing adjudged. This court has held that:
Once the judgment of the Court of Appeal acquires the authority of the thing adjudged, the Court of Appeal loses the power and authority to reverse or modify that judgment. Wheat Inc. v. Caruthers, 439 So.2d 1065 (La.1983).
Scherer v. Chaisson, 508 So.2d 596, 597 (La. App. 3 Cir.), writ denied, 512 So.2d 1183 (La.1987).
The jurisprudence cited by the majority is not applicable to the case at hand. Those cases are all distinguishable in that they involve situations where the judgment being considered was not final and definitive.
The majority also concludes that this court awarded the equalizing payment to Ms. Preis. I do not find that to be the case. This court's opinion addressed only the valuation of one community asset. There is no suggestion in the opinion that a redistribution of assets by the trial court was prohibited or that an equalizing payment was required. Nothing has been done by Ms. Preis to address the interest issue at the trial or appellate level, and we are powerless to act on that issue.
Therefore, I would deny the writ finding no error in the trial court's ruling.
NOTES
[*] Judge Harold Brouillette of the Twelfth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.