438 So.2d 719 (1983)
Leonard J. FABIANO, Jr. dba Hobart Sales & Service, Plaintiff-Appellee,
v.
Bobby BRYAN, dba Bryan Catfish Farm, Defendant-Appellant.
No. 15680-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Joseph A. Cusimano, Jr., Farmerville, for defendant-appellant.
Jerry L. Finley, Denham Springs, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
*720 MARVIN, Judge.
In this action for the sales price of a water-cooled ice maker, the defendant-vendee appeals, contending that a sale never existed because he bargained for an air-cooled, and not a water-cooled, unit.
This action was filed in December 1975 and was tried in February 1980 before a district judge who left the district bench before the case was submitted. Eventually the case was submitted to the successor district judge on the record and transcript of the earlier trial and the judgment appealed was rendered in 1983. Our review of the record in these circumstances is made independently and without the recognition and weight usually afforded to the trier of fact when credibility issues are presented. Allstate Insurance Company v. Shemwell, 142 So.2d 866 (La.App. 2d Cir.1962).
While defendant answered plaintiff's action with only a general denial, plaintiff was given fair notice by defendant's response to requests for admission of facts that defendant was contending that he did not contract for a water-cooled ice-maker. See Paxton v. Ballard, 289 So.2d 85 (La.1974); Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App. 2d Cir.1975).
Defendant signed plaintiff's invoice acknowledging delivery of the icemaker and defendant's wife, who worked in defendant's business, later gave plaintiff a check for the amount of the ice maker which was not honored but was returned to plaintiff because of insufficient funds. Under these circumstances, defendant has effectively asserted that the written contract of sale, and his acceptance of the delivery, installation, and, for at least four months, the operation of the ice maker, was the result of either a mistake or error on his part or the failure of the consideration on vendor's part. In such cases, the burden of proof of the defense rests with defendant. Art. 1005, CCP.
The ice maker was delivered in August 1974. The installer of the unit, an independent contractor hired by plaintiff, testified that he discussed the advantages of the water cooled unit with defendant when it was installed and that defendant was concerned with the flow of water from the machine. Plaintiff later installed a pump to obtain water for the cooling of the machine from defendant's pond rather than from defendant's water well when defendant complained that the machine made too much of a demand on the water well. The check was given plaintiff by defendant's wife on December 31, 1974.
Defendant admitted that plaintiff and the installer discussed the advantages of the water cooled unit with him before and during its installation, that he helped lift the machine to its place of installation, that he complained that the machine was too demanding on his well, and that he discussed with the installer of the pump in December 1974 why the pumping of water from his pond would not work. Defendant also admitted that he made, but never consummated, arrangements with his bank to obtain money to pay for the ice maker. Defendant's wife admitted that she knew that the account did not have sufficient funds to cover the check when she wrote it. Plaintiff testified that the ice maker was being used when he obtained the check in December 1974. After a demand on defendant in March, suit was filed by plaintiff in December 1975.
We agree with the trial court that plaintiff has presented the more credible version and that defendant has failed in his burden.
For the reasons assigned by the trial court in an excellently supported and detailed opinion, which we have here summarized, we shall affirm the judgment.
The vendor, in answer to defendant's appeal, seeks interest from September 2, 1974, the date the machine was installed, and seeks attorney fees under LRS 9:2781, 2782. The trial court awarded interest from the date of judicial demand. CC Art. 1938 provides that debts bear interest from the time they become due, unless otherwise stipulated. CC Art. 2553 and 2554 provide that interest on sales begins to run from the date of sale, when the price is then due, or when the seller has granted a term for *721 payment, the interest begins at the end of that term. The ice maker was installed on September 2, 1974, and payment was due at that time. Defendant argues that plaintiff only prayed for interest from the date of judicial demand and should be limited to that amount. A party's recovery of legal interest is not limited by his prayer for relief. CCP Art. 862; Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978), footnote 6; Mathews v. Mathews, 415 So.2d 234, 237 (La.App. 2d Cir.1982). We amend the judgment to award interest from the date of the installation of the icemaker, September 2, 1974. McElroy Metal Mill, Inc. v. Hughes, 322 So.2d 822 (La.App.2d Cir.1975).
LRS 9:2781 authorizes attorney fees where the debt sued upon is an open account. LRS 9:2782 authorizes attorney fees where the suit is on an obligation created by a check which has been dishonored for nonsufficient funds. These statutes were enacted after the transaction occurred and after suit had been filed. Laws which are substantive in nature can have no retroactive application. CC Art. 8; LSA Const. Art. 1, § 23. The trial court correctly denied attorney fees.
The judgment appealed is amended to allow legal interest from September 2, 1974, and as amended, is AFFIRMED.