487 So.2d 496 (1986)
Sheila Fry Fouchi, Wife of Frank E. FOUCHI
v.
Frank E. FOUCHI.
Nos. 85-CA-385, 85-CA-386.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
As Corrected March 17, 1986.
Rehearing Denied May 16, 1986.
*497 Adelaide Baudier, Metairie, for Frank E. Fouchi, defendant-appellant.
Joan B. Montero, New Orleans, for Sheila Fry Fouchi, plaintiff-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
This is a suit to partition the community property of Sheila and Frank Fouchi. Defendant Frank Fouchi has appealed the trial court's judgment ordering the partition by licitation of the community assets. Two intervenors have appealed the dismissal of their claims for reimbursement from the community for alleged cash loans made to Frank Fouchi.
The main issues are whether the trial court erred in ordering the assets of the community partitioned by licitation and in dismissing the claims of the intervenors.
FACTS
The Fouchis were legally separated in 1977 and divorced in 1979. Shortly thereafter, Sheila Fouchi filed a petition for partition of the community assets, specifically pleading that the community property be partitioned in kind, or alternatively, that the property be sold to effect the partition. The court appointed notary took an inventory and filed it in the record; Frank Fouchi filed a petition to traverse the inventory. Trial was held on the merits of the partition and the traversal of the inventory. *498 Judgment was rendered in May, 1982 ordering a partition by licitation of the community assets, which was affirmed by this court, Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5th Cir.1983).
In December, 1983, Frank Fouchi filed a petition to annul the trial court's decision. Following a hearing on the matter, the judgment was declared null and set aside. Mrs. Fouchi then moved to submit the matter on the record to the succeeding district judge, Judge Grefer, which motion was granted. Judgment was rendered in December, 1984 which was virtually identical to the first trial court's judgment, including ordering partition by licitation of the community assets. The instant appeal is taken from that judgment.
At the outset we note that all matters pertaining to the partition of the community have been thoroughly litigated, and Judge Grefer's judgment sets out in detail the allocation of the assets and debts of the parties. The judgment also places a value on the community home, a single family residence. Because of the thoroughness of the judgment, all of the contested issues have been ruled upon and the partition ordered.
Before turning to the merits of the partition, we should point out that we are proceeding under the law regarding partition of the community prior to the effective date of LSA-R.S. 9:2801.[1] We do so in the interest of judicial economy, noting that while partitions may be ordered under that statute we believe the instant partition is "... already so far under way it would cause unnecessary expense or delay" to remand for further proceedings. Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir. 1982) on rehearing. Substantively, we shall apply the law in effect prior to the amendment of the community property laws, since the community was terminated in 1977.
Finally, we note that our standard of review in this case differs from the usual appellate standard of manifest error. Here, we must make an independent review of the evidence without the weight usually afforded the trier of fact where credibility issues are presented. Fabiano v. Bryan, 438 So.2d 719 (La.App. 2nd Cir. 1983). This is necessary since the trial judge decided the case on the basis of the record alone, without the benefit of live witnesses. Fabiano, supra.
Under the law in effect prior to 1982, the Civil Code failed to specify a procedure for partition of the community upon its termination. Thus, the code articles on partitions of successions were applicable to community partitions. See La.C.C. articles 1289 and 1308. If the parties were unable to agree, either spouse could file a petition for a judicial partition. Pursuant to La. C.C. articles 1336 through 1340, the trial judge had the discretion to decide whether the partition should be in kind or by licitation. However, this discretion was limited by La.C.C.P. art. 4606 and the jurisprudence, which stated a preference for partitions in kind. Hinton v. Hinton, supra.
In a judicial partition, the court must determine whether the property can be partitioned in kind, Lester v. Lester, 245 So.2d 478 (La.App. 3rd Cir.1971). However, the pleadings or inventory may show conclusively how the property should be partitioned.
In the instant suit, Mrs. Fouchi pleaded in her petition for partition that the community assets were divisible in kind or by licitation, depending on the trial court's findings. In his traversal of the inventory, Mr. Fouchi did not protest a partition by licitation. Following Judge Grefer's judgment which ordered a partition by licitation, Mrs. Fouchi filed a motion to have a current appraisal taken on the family home and have a minimum bid set for the judicial sale.
*499 We conclude that partition by licitation is the only way the family home can be divided. The inventory and pleadings show that the home is indivisible by its nature, La.C.C.art. 1339, and it is not possible to conveniently divide the home. We believe a judicial sale is the only available remedy to the parties; accordingly, we affirm that part of the judgment ordering partition by licitation of the community assets.
We now reach the remainder of the issues appealed, most important of which concern various loans allegedly made to appellant. First, Mr. Fouchi contends the trial court erred in failing to award his separate estate reimbursement from the community of sums loaned to him by his father. We note that the claim for $2000 was stipulated to in a joint motion and recognized in the judgment. The trial judge rejected his claim for other loans allegedly made to the community by his father. Based on our independent review of the evidence on this point, we must also reject the remaining claims. Additionally, the record fails to reflect a showing of enhancement via these alleged loans of the community at its termination. Reynolds v. Reynolds, 388 So.2d 1135 (La.1980), on rehearing. Finally, the judgment deletes certain items from the inventory, which Mr. Fouchi requested.
Three people[2] intervened in the partition action seeking payment on alleged loans made to Mr. Fouchi. Each intervenor allegedly lent Mr. Fouchi $9000 in cash in 1972, which he was supposed to give to a friend, Joe Caronna, to invest in a lounge. The trial judge dismissed these claims and we affirm that dismissal. Our review of the record shows that a considerable amount of money changed hands, and all transactions were made in cash. Two of the three intervenors had agents who allegedly took the money from Mr. Fouchi and delivered it to Caronna. In those cases, the promissory notes were made payable to the agents, instead of to Caronna. Also, the record shows the notes were periodically destroyed and new ones executed.
Appellant, who admitted to being a careful record-keeper, failed to produce corroborating evidence of payments on the notes. He did produce a ledger which shows alleged payments on the notes, but that evidence is self-serving. No bank statements or IRS tax returns were introduced to support these alleged loans. Additionally, some of the testimony at trial is conflicting with regard to these notes.
Based on an assessment of credibility and lack of corroborating evidence regarding these loans, we affirm the dismissal of the interventions.
Appellant's mother, Catherine Quaid, also intervened in the partition action seeking reimbursement for alleged loans made to appellant and the community. Mrs. Quaid appeals the dismissal of her claim and Mr. Fouchi also contends the trial court erred in not awarding his mother reimbursement from the community on these loans. Demand notes dated 1957 through 1968 were introduced to support the claimed loans. However, each loan is prescribed on its face. An interest payment would have interrupted prescription, La.C.C.art. 3540 (repealed: see La.C.C.art. 3498), but the evidence fails to establish any such payments. Again while appellant admits to being a careful record keeper, he failed to obtain receipts for any payments made on the loans. All payments were allegedly made in cash, and thus no cancelled checks were produced in support of the payments. Further, Mrs. Fouchi testified, contrary to the testimony of Mr. Fouchi and Mrs. Quaid, that while she knew Mrs. Quaid had given them money over the years she did not know they were in the form of loans. We feel that in the absence of any corroborating evidence establishing payments on these loans, the trial judge was faced with a credibility choice, and he rejected Mr. Fouchi's and Mrs. Quaid's testimony.
*500 We conclude these notes are prescribed; the evidence fails to establish interest payments on the notes. Also Mr. Fouchi failed to prove enhancement of the community at termination. Reynolds v. Reynolds, supra. Accordingly, that part of the judgment dismissing his and Mrs. Quaid's claims for reimbursement is affirmed.
Mr. Fouchi also raises several other issues which will be addressed briefly. In assignment of error No. 5 he contends the interest award made to Mrs. Fouchi on her share of the community is premature since the amount due cannot be determined until the completion of the partition. He also contends the award is unconstitutional since it is based on La.C.C. art. 2404, which has been repealed.
We reject both claims. All debts bear interest at the legal rate from the time they are due, La.C.C.art. 1938 (now part of La.C.C.art. 2000) and settlement of the community is due and payable on the date of the community's dissolution. Hodson v. Hodson, 292 So.2d 831 (La.App. 2nd Cir.1974). Further, we refuse to consider the constitutionality of La.C.C.art. 2404 since it is well settled that where the constitutionality of a statute is not raised in the trial court it cannot be considered on appeal, Duncan v. Duncan, 408 So.2d 449 (La.App. 1st Cir.1981).
Next, appellant claims the trial court erred in not recognizing the stipulations of the parties in the judgment. We dismiss this contention as a reading of the judgment reflects that the joint stipulations were made part of the judgment. Appellant also protests the trial court's refusal to find that Mrs. Fouchi withdrew money from the community over a period of time and invested it for her separate estate. He also contends the trial judge erred in not finding that appellee's credibility had been successfully challenged on certain points during the trial.
Again, our independent review of the evidence shows that Mrs. Fouchi's father sent her money as gifts, some of which she was forced to live on after her separation and some of which was spent for community purposes. The evidence fails to substantiate Mr. Fouchi's contention that she was withdrawing community money for her separate use. As far as her credibility is concerned, we have examined the testimony and particularly the testimony concerning the points appellant raised in his brief, and we find no error.
In conclusion, we are of the opinion the evidence preponderates in favor of appellee Sheila Fouchi and against the appellant Frank Fouchi, as found by the trial judge. Accordingly, the judgment is affirmed in full; it is ordered that the community home be sold at judicial sale in order to complete the partition of the community assets. Any actions to be taken with regard to the partition and sale shall be addressed to the trial judge.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:2801 governs partitions of community property where the spouses are unable to agree on the partition or the settlement of claims, and was effective September 10, 1982. It has been held to be procedural and remedial, thus applicable to communities terminated prior to its enactment. Hinton v. Hinton, 452 So.2d 417 (La.App. 3rd Cir.1984).
[2] W.C. Moore, one of the intervenors, died during the pendency of the proceedings below and no party was ever substituted for him. Accordingly, we do not consider his claim.