JOHNSON, J.
In this domestic matter, Defendant appeals the trial court's judgment pertaining to the partition of community property and various reimbursement claims. For the reasons that follow, we affirm.
FACTS & PROCEDURAL HISTORY
The parties, Ronnice Trainor Ponson and Aaron Ponson, Sr., married in July *1217 1997 and had two children. On May 31, 2012, Ronnice filed a petition for divorce seeking a joint custody order with her being named as the domiciliary parent, exclusive use and possession of the family home and a BMW automobile, and permission to sell a Mercedes Benz automobile owned by the community. She also sought child support and a temporary restraining order prohibiting Aaron from disposing of, alienating, concealing or encumbering any of the community property, which she sought to partition at a later date. Aaron answered the petition for divorce on July 6, 2012, and asserted a reconventional demand in which he sought to be designated the domiciliary parent, child support, exclusive use and possession of the family home, and an order prohibiting Ronnice from disposing of or encumbering community property.
The parties appeared before a hearing officer on July 10, 2012, at which time several preliminary matters were addressed.[1] During the hearing officer conference (HOC), the parties stipulated that Aaron was to have interim use and occupancy of the family home located on Bellaire Street in Harvey. As such, Ronnice withdrew her motion for use of the family home. It was also stipulated that Ronnice was to maintain insurance on and have use of the BMW, and that Ronnice had authority to sell the Mercedes.
On the same day, at 12:52 p.m., Ronnice filed a motion for fair rental value for the use and occupancy of the family home by Aaron, which was set before the hearing officer on the same day at 11:30 a.m.[2] The "Stipulations and/or Recommendations of Hearing Officer" form from the July 10, 2012 HOC shows that both the "R" for Recommendation and the "S" for Stipulation were circled regarding the issue of rental reimbursement, which stated "Rental Reimbursement should be reserved to/deferred as follows: to the partition of the community." Additionally, both the "R" and "S" were circled indicating Aaron should pay the mortgage payments for the family residence in the amount of $1,200/month. The form was signed by Ronnice, her counsel, and Aaron who was unrepresented at the time. The stipulations and recommendations were made the judgment of the court by signature of the district court judge on the same day.
Three days later, Aaron timely filed an objection to the hearing officer's recommendations and interim judgment, specifically objecting to the rental reimbursement issue. The matter was set to be heard by the district court judge on August 30, 2012, but according to the parties was continued because of Hurricane Isaac. The matter was re-set for November 14, 2012, but again continued to January 29, 2013. The minute entry on January 29, 2013 indicates the matter was continued and was to be reset per a status conference held in chambers with counsel for both parties. The record shows that Aaron's objection to the July 10, 2012 hearing officer's recommendations and interim judgment regarding rental reimbursement was never reset or heard by the district court.[3]
*1218 A judgment of divorce was rendered on September 27, 2013. Thereafter, on July 14, 2014, Ronnice filed a petition to partition community property. The parties subsequently filed their respective descriptive lists of assets and liabilities and both parties filed motions to traverse the other's descriptive list. During a HOC on July 17, 2015, the parties stipulated that four immovable properties-Elizardi St., Bellaire St., Monroe St. and East Velvet Lane-and the contents of the Bellaire St. home were to be appraised by the appointed appraisers. At a later HOC on August 3, 2016, the hearing officer recommended that the community property partition proceed to trial before the district court judge because he had been unable to move the matter to resolution. The matter was set for trial on October 25, 2016.
Also at the August 3, 2016 HOC, the hearing officer recommended Aaron be sanctioned in the amount of $250.00 for failing to file a completed descriptive list. Aaron filed an objection to the hearing officer's recommendation for sanctions, which was set before the district court on October 6, 2016. A minute entry of that date indicates the parties, via a telephone conference, were ordered to another HOC prior to October 25, 2016, which was the trial date for the partition of community property.[4] The parties were ordered to provide descriptive lists with values at the HOC. According to the parties, the district court judge ordered this HOC for one last attempt to resolve the community property partition prior to trial.
The parties appeared for one last HOC prior to trial on October 20, 2016, during which numerous stipulations were entered and several recommendations were made. The parties stipulated that "[t]he mortgage reimbursement claim of Mr. Ponson set against the rental value claim of Ms. Ponson results in an equalizing payment due Mr. Ponson by Ms. Ponson of $1,776.50." Additionally, the hearing officer recommended that all immovable property, except the Elizardi property, be sold and that Aaron owed Ronnice reimbursement for her payment of the timeshare loan and maintenance fee.
On October 24, 2016, Aaron filed an objection to the hearing officer's October 20, 2016 recommendations; specifically objecting to the hearing officer's recommendation that all real estate be sold and that he pay reimbursement associated with the timeshare loan. He fax-filed a second objection on October 25, 2016, the same day the community partition trial was held, followed by the filing of the original objection on October 31, 2016, objecting to the judgment signed by the district court on October 21, 2016, relating to the October 20, 2016 HOC; specifically objecting to the rental reimbursement claim in favor of Ronnice, asserting that he did not stipulate that his mortgage reimbursement claim offset Ronnice's rental reimbursement claim with an equalizing payment owed by Ronnice.
Trial on the community property partition was held on October 25, 2016. Both Aaron and Ronnice testified and offered various exhibits into evidence. At the conclusion of trial, the district court rendered judgment, which was reduced to writing and signed on November 7, 2016. Parts of that judgment which are at issue in this appeal include the district court's order that (1) the October 20, 2016 stipulations made by the parties at the HOC be made the judgment of the court; (2) Aaron's *1219 mortgage reimbursement claim offsets against Ronnice's rental value claim, resulting in an equalizing payment due by Ronnice to Aaron in the amount of $1,776.50; (3) the real estate located on Bellaire St., East Velvet Lane and Monroe St. be sold; (4) Aaron's reimbursement claims related to Bowden St. be denied; and (5) Aaron's reimbursement claim for the maintenance of Bellaire St. be denied. It is from this November 7, 2016 judgment that Aaron appeals.
ISSUES
Aaron first argues the district court erred in ordering the immovable property sold instead of distributing the assets between the parties as required by the procedures outlined in La. R.S. 9:2801(A)(4). Second, he alleges the district court erred in failing to follow pre-trial procedures for the partition of community property. Third, he challenges the district court's adoption of the alleged stipulation regarding Ronnice's claim for rental reimbursement. Fourth, Aaron asserts the district court erred in denying his claim for reimbursement for payments made on the Bowden property, which was Ronnice's separate property. Fifth, he contends the district court erred in denying his reimbursement claim for repairs he made to the Bellaire property. Finally, he avers the district court erred in holding the objection hearing to the October 20, 2016 HOC at the community partition trial on October 25, 2016.
DISCUSSION
Order to Sell Immovable Property
Aaron first argues the district court erred in ordering the immovable property belonging to the community be sold. He contends the district court failed to follow the procedure set forth in La. R.S. 9:2801(A)(4) ; specifically, Aaron avers the district court failed to determine and equally divide the assets and liabilities of the parties before resorting to an order that the property be sold. He asserts the evidence in the record is insufficient to ascertain the value of the assets and liabilities of the community and, therefore, the matter must be remanded for completion of the proceedings.
La. R.S. 9:2801 provides the specific procedure for the judicial partition of community property and the settlement of claims arising after the dissolution of the marriage. Vedros v. Vedros , 16-735 (La. App. 5 Cir. 10/25/17), 229 So.3d 677, 680. The trial court has broad discretion in adjudicating issues raised by divorce and partition of the community and is afforded great latitude in arriving at an equitable distribution of assets between spouses. The allocation or assignment of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. Id. Factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. Benoit v. Benoit , 11-376 (La. App. 1 Cir. 3/8/12), 91 So.3d 1015, 1019, writ denied , 12-1265 (La. 9/28/12), 98 So.3d 838.
Prior to trial on the community partition, the parties had entered into several stipulations regarding the partition of much of the community property. At the time of trial, only a few issues of partition remained. Among those issues was the partition of three immovable properties-Bellaire St., East Velvet Lane, and Monroe St. According to the parties' sworn detailed descriptive lists that were filed into the record, the parties valued each of the properties differently and disagreed on the mortgage owed for each. Aaron's descriptive list identified the mortgages on East Velvet Lane and Monroe St. as liabilities *1220 but did not list the value of the outstanding mortgages; however, Aaron specifically testified that he did not agree with the amount of the mortgages listed on Ronnice's descriptive list. Even though the parties agreed to have the properties appraised, the appraisal reports for each property were never introduced into evidence by either party, and with the exception of the appraised value for the Bellaire St. property,[5] there was no evidence of the appraised values for the properties at issue.[6]
Aaron maintains there was not enough evidence for the district court to ascertain the value of the assets and liabilities and, thus, the district court did not and could not follow La. R.S. 9:2801 in order to properly partition the property. As such, he contends the matter must be remanded for completion of the proceedings. We disagree.
The parties appeared on October 25, 2016 for a trial on the partition of community property. The purpose of a partition under La. R.S. 9:2801 is for the trial court to make an immediate and final apportionment of the assets and liabilities. Stewart v. Stewart , 585 So.2d 1250, 1253-54 (La. App. 4th Cir. 1991), writ denied , 590 So.2d 594 (La. 1992). It was incumbent upon the parties to present evidence at the partition trial regarding the valuation of the assets, as the trial court necessarily values the assets based on the evidence presented. The parties did not present any objective evidence regarding the value of the properties, but rather relied only on their sworn descriptive lists.[7]
Under La. R.S. 9:2801(A)(4), the trial court is authorized to allocate to one party or the other a particular asset, and if this results in an unequal net distribution, the court is directed to order the payment of an equalizing sum of money. The court is also alternatively authorized to order the asset sold at a private sale. Kinchen v. Howes , 93-2366 (La. App. 4 Cir. 5/26/94), 637 So.2d 1282, 1288. Specifically, "[i]n the event that the allocation of an asset...would be inequitable to a party, the court...may order the private sale of the asset." La. R.S. 9:2801(A)(4)(e).
Under the circumstances of this case, we find no merit to Aaron's claim that the district court failed to follow La. R.S. 9:2801 in partitioning the community property. The record shows the trial judge carefully considered the evidence presented by the parties. Based on the minimal evidence and the lack of objective evidence offered by the parties regarding the value of each property and the outstanding mortgages, the trial judge implicitly found that the allocation of the property to one party or the other would be inequitable and ordered the properties sold. We cannot say that the district court's choice of one method of partition (i.e. sale of the property) over the other (i.e. allocation of the property to one party) was an abuse of discretion in this case. See Patin v. Patin , 462 So.2d 1356, 1358 (La. App. 3d Cir. 1985).
Failure to Follow Pre-Trial Procedures
Aaron next argues that the district court failed to follow certain pre-trial procedures required by the local rules for the *1221 district court for the partition of community property. Specifically, he maintains the hearing officer did not make a scheduling order, there was no meeting with the parties prior to a pre-trial conference with the district judge for the purpose of preparing a joint pre-trial order, and no pre-trial order was ever prepared or submitted to the court in violation of Rules of the Louisiana District Courts-Rule 30.2.
Under La. C.C.P. art. 193, "[a] court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law." The purpose of local rules is "to aid in the orderly and efficient conduct of litigation." Monroe Surgical Hosp., LLC v. St. Francis Medical Ctr., Inc. , 49,600 (La. App. 2 Cir. 8/21/14), 147 So.3d 1234, 1247-48, writs denied , 14-1991 (La. 11/21/14), 160 So.3d 975 and 15-216 (La. 2/6/15), 158 So.3d 824. It is within the trial court's great discretion to construe, interpret, apply or enforce its own rules. Id. Further, it is within the trial court's discretion to dispense with the strict application of local rules when they are unnecessary to the resolution of a dispute. Regions Bank v. Cabinet Works, LLC , 11-748 (La. App. 5 Cir. 4/10/12), 92 So.3d 945, 959.
Aaron cites no authority for the proposition that the failure of a court to set a scheduling order or the failure of the parties to file a pre-trial order is reversible error. The rule regarding pre-trial conferences and pre-trial orders itself expressly states that such matters are "[a]t the discretion of the district judge." Additionally, the rule places the obligation to prepare the pre-trial order on the parties and/or their counsel, not the court.
The record indicates that neither party objected to the lack of a scheduling order or the preparation of a pre-trial order; rather, Aaron is raising this issue for the first time on appeal. Appellate courts will not consider issues which were not pleaded in the court below and which the trial court has not addressed for the first time on appeal. Lepine v. Lepine , 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 673. Because Aaron did not present this issue to the district court for consideration, he is precluded from having this Court consider the merits of this issue.
Rental Reimbursement
Aaron raises several issues related to the stipulation regarding rental reimbursement. He first argues that he never stipulated to Ronnice's entitlement to rental reimbursement during the October 20, 2016 HOC and, thus, the district court erred in adopting the stipulation as the judgment of the court. He further asserts that Rules for Louisiana District Court-Rule 35.4 requires a HOC stipulation to contain an acknowledgement that no objection or appeal may be filed, but this acknowledgment language is missing from the alleged stipulation. Aaron also contends a separate and final consent judgment was never prepared as required by local practice.
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. R.J. D'Hemecourt Petroleum, Inc. v. McNamara , 444 So.2d 600, 601 (La. 1983), cert. denied , 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). Stipulations between the parties are binding on the trial court when not in derogation of law. Id.
When former spouses agree to stipulations regarding issues of child support or community property, such stipulations constitute binding compromises. See Catalanotto v. Catalanotto , 14-708 (La. App. 1 Cir. 12/10/14), 168 So.3d 463, 466. A compromise is "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an *1222 uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071. It must be made in writing or recited in open court. La. C.C. art. 3072.
Aaron argues that he never entered into a stipulation. The record shows otherwise. The record shows that the parties entered into a written stipulation during the October 20, 2016 HOC, specifically stating that "[t]he mortgage reimbursement claim of Mr. Ponson set against the rental value claim of Ms. Ponson results in an equalizing payment due Mr. Ponson by Ms. Ponson of $1,776.50." The stipulation was signed on the same date by the hearing officer, Mr. Ponson, his counsel, Ms. Ponson, and her counsel, below language that stated, "[t]he parties agree to the recommendations marked as a stipulation(s)." The stipulation at issue was specifically referenced as such by the circling of "S" on the page on which the stipulation appeared. According to the key on the form, "S=Stipulation."
Although the form did not include an acknowledgement that no objection or appeal may be filed as required by Rules for Louisiana District Court-Rule 35.4, it clearly provided that the stipulations of the parties were to be made a consent judgment of the court in accordance with La. C.C. art. 3071, which sets forth the definition of a compromise. The next day, the district court judge signed that portion of the form immediately below the parties' signatures captioned, "Judgment," which provided that the stipulations were made the consent judgment of the court in accordance with La. C.C. art. 3071. Thereafter, on October 25, 2016, Aaron filed an objection to the stipulation.
A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. Therefore, we find that Aaron's objection was improper, as he had previously compromised and stipulated that his mortgage reimbursement claim was offset by Ronnice's rental value claim. Accordingly, we find no error in the district court adopting the stipulation as a judgment of the court and refusing to entertain Aaron's objection on this stipulation.
Aaron also argues that Ronnice's claim for rental reimbursement was never properly before the court and should have been denied. He argues the hearing officer improperly made a recommendation on July 10, 2012 that the issue of rental reimbursement should be deferred to the partition of the community because the handwritten motion for fair rental value filed on the date of the hearing was not properly served on him. We find Aaron waived this objection when he subsequently entered into the stipulation regarding rental reimbursement at the October 20, 2016 HOC.
Reimbursement for Mortgage Payments on Separate Property (Bowden St.)
Aaron also argues that the district court erred in denying his claim for reimbursement for one-half the mortgage payments the community made on Ronnice's separate property on Bowden St. He claims he presented the mortgage statement for the Bowden St. property that showed the mortgage obligation was $829.77/month. He further asserts this mortgage obligation was paid by the community from the date of the marriage, July 26, 1997, until its termination on May 31, 2012.
"A separate obligation of a spouse is one incurred by that spouse prior to the establishment of a community property regime, or one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse." La. C.C. art. 2363. "If community property has been used during the existence of the community property regime or former *1223 community property has been used thereafter to satisfy a separate obligation of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used." La. C.C. art. 2364. Whether a reimbursement claim is allowed is a finding of fact which is reviewable under the manifest error standard. Vedros , 229 So.3d at 681.
The burden of proof is on the party making a reimbursement claim. Id. at 685. Aaron listed the Bowden St. property as a community asset and the mortgage on the property as a community liability on his sworn detailed descriptive list. Nevertheless, Ronnice's counsel indicated at trial that there did not appear to be any dispute that the Bowden St. property was Ronnice's separate property. However, Aaron's counsel declined to stipulate to that fact.
Aaron testified the Bowden St. property was purchased before the marriage with the intent that it would be the parties' matrimonial domicile. However, there was no testimony as to who purchased the property or whether the parties ever lived in the home during the marriage. Aaron further testified that he and Ronnice took out a mortgage on the property in February 2001 and refinanced it after Hurricane Katrina. He stated that he and Ronnice were both named on the mortgage. He offered a billing statement from June 2011 showing the mortgage note on the property was $827.77.
In denying Aaron's claim for reimbursement of the mortgage payments on the Bowden St. property, the district court found Aaron did not carry his burden of proof. We agree. Even if we were to assume the Bowden St. property was the separate property of Ronnice, it is unclear whether the property ever benefitted the community as the family home at any time during the marriage, which affects the amount of reimbursement to which Aaron would be entitled.[8] More importantly, there was no evidence (such as testimony, canceled checks, or bank statements) regarding the total amount paid on the mortgage from the date of marriage through its termination or what funds were used to pay the mortgage. Thus, Aaron failed to prove his entitlement to reimbursement and the district court was not manifestly erroneous in denying his claim.
Reimbursement for Repairs to Bellaire Property
Aaron also argues the trial court erred in denying his claim for reimbursement for maintenance and repairs he made to the family home on Bellaire St. after he had been granted interim use and occupancy. He contends that his testimony and supporting invoices prove the repairs were made and, therefore, the trial court erred in refusing to award reimbursement. He cites no legal authority to support his two sentence argument.
At the trial on the partition of community property, Aaron testified that he performed maintenance and remodeling work on the family home after he had been awarded interim use and occupancy. Specifically, he stated that he had to replace a den wall in November 2012 because of termite damage, had roofing work performed in February 2013, and had air conditioning work done in October 2014 and *1224 June 2015. He offered four invoices as evidence he paid $6,300 for the work on the den, $6,200 for the roofing work, $2,300 for the October 2014 air conditioning work, and $1,123 for the June 2015 air conditioning work. The trial court denied these reimbursement claims after concluding Aaron failed to carry his burden of proof.
At the time Aaron made the repairs to the den wall and the roof in November 2012 and February 2013, the community property regime was still in existence. Under La. C.C. art. 2367,
[i]f separate property of a spouse has been used during the existence of the community property regime for the acquisition, use, improvement or benefit of community property, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of the spouse who owes reimbursement is limited to the value of his share of all community property after deduction of all community obligations.
As previously noted, the party seeking reimbursement bears the burden of proving he is so entitled. Under Article 2367, Aaron had the burden of proving that he used his separate property to make the repairs. We agree with the trial court that Aaron failed to carry his burden of proof.
According to the invoices submitted by Aaron, the repair to the den wall and the roofing work was done by Frankie Taylor, who was Aaron's neighbor. Regarding the work on the den, Aaron testified that he paid the $6,300 invoice in cash. He stated he did not know "offhand" where he obtained the money to pay for the repairs but explained that he earned the money. However, when asked when or how he earned the money, he was unable to recall.
As to the roofing work, Aaron likewise testified that he paid the $6,200 invoice in cash. He stated that he obtained the cash from a safe at the home. He again explained that he earned the money from working, but refused to divulge the source of the money. When further questioned, Aaron testified that his sister gave him the money as a gift. He estimated that she gave him half of the money needed to pay the invoice. Aaron stated his sister put the money into his bank account but could not offer any documentation to corroborate his testimony.
Based on this evidence, we find Aaron failed to prove he paid for the roofing work and wall repair with his separate property as opposed to community funds.
Regarding the air conditioning work, the record shows the work was performed after the judgment of divorce. According to the 2009 Revision Comments to Article 2367, after termination of the community, "[t]he rights of the former spouses for expenses and works ... are governed by the rules of co-ownership in Articles 804 and 806." Under La. C.C. art. 806, a co-owner who has incurred necessary expenses or expenses for ordinary maintenance and repairs is entitled to reimbursement from the other co-owners in proportion to their shares.
Pursuant to La. C.C. art. 2369.3, between the termination of a community property regime and partition, the spouse in possession of former community property has a duty to preserve the property in the manner in which it was always kept. Subsection (f) of the official comments to Article 2369.3 states that "[a] spouse who incurs expenses in compliance with the obligation imposed by this Article is entitled to reimbursement for one-half the costs in accordance with general principles of the law of co-ownership. C.C. Art. 806."
The jurisprudence holds that expenses incurred between the termination of the community and partition of the community are awarded only when the party claiming reimbursement can prove that the *1225 work was necessary and that such work enhanced the value of the property. Knighten v. Knighten , 00-1662 (La. App. 1 Cir. 9/28/01), 809 So.2d 324, 328, writ denied , 01-2846 (La. 1/4/02), 805 So.2d 207 ; Norman v. Norman , 99-2750 (La. App. 4 Cir. 7/12/00), 775 So.2d 18, 25.
Again, Aaron bore the burden of proving his right to reimbursement for the air conditioning repairs. Aaron submitted two invoices from Henry's AC showing air conditioning repairs: one dated October 13, 2014 for the replacement of a condenser unit and one dated April 7, 2015 for the replacement of an evaporator coil, although Aaron testified that the work was actually done in June 2015. He testified that he paid both invoices in cash. Neither invoice indicates the location of where the work was performed, or that it was done at the Bellaire St. property.
In denying these reimbursement claims, the trial court specifically found that Aaron failed to prove that he paid the invoices. The trial judge clearly did not find Aaron credible based on the whole of his testimony. The trial judge had Aaron before him and could observe his demeanor while he testified; we only have a written transcript. The record shows Aaron to be less than forthcoming about the details surrounding the work and source of his payments. Absent corroborating evidence establishing payments of the invoices, the trial court was faced with a credibility choice and, based on our review of the record, we cannot say the trial judge's evaluation of Aaron's credibility was unreasonable or manifestly erroneous. See Fouchi v. Fouchi , 487 So.2d 496, 499 (La. App. 5th Cir. 1986), writ denied , 493 So.2d 636 (La. 1986).
Accordingly, we find the trial court did not abuse its discretion in denying Aaron's reimbursement claim for repairs made to the Bellaire St. property.
Hearing on Objection to October 20, 2016 HOC
Finally, Aaron argues that the district court erred when it held the hearing to his objection to the October 20, 2016 HOC on the same day as trial, October 25, 2016. He contends the local rules require the objection hearing be held not less than 30 days from the filing of the objection, and here it was held only five days from the HOC.
Aaron fails to indicate how he was prejudiced by the expeditious objection hearing. The parties were well aware that the partition trial was set for October 25th. The parties also knew the purpose of the October 20th HOC was for one last attempt to resolve any community property partition issues prior to trial. Thus, the same issues that were addressed at the HOC were already scheduled for trial before the district court judge. Additionally, as discussed supra , it is within the trial court's great discretion to construe, interpret, apply or enforce its own rules. Monroe , 147 So.3d at 1247-48. Accordingly, we find no merit to this issue.
DECREE
For the foregoing reasons, we affirm the November 7, 2016 judgment in its entirety. The costs of this appeal are assessed against Appellant, Aaron Ponson.
AFFIRMED

Among the issues addressed were child custody and child support, neither of which are at issue in this appeal. Thus, no rulings pertaining to child custody or child support will be discussed in this opinion.

It appears this motion, which was handwritten, was filed during the HOC after the parties stipulated to Aaron's use and occupancy of the family home and after Ronnice withdrew her request for use and occupancy of the home.

The record shows that in addition to the rental reimbursement issue, Aaron objected to the July 10, 2012 hearing officer's recommendations regarding child custody and child support. Unlike the rental reimbursement issue, Aaron's objections to child custody and child support issues were ultimately heard by the district court.

The Court later found Aaron's objection to the sanction untimely because the written objection was not timely filed into the record after being timely fax-filed.

According to Aaron's trial testimony, the Bellaire St. property appraised for $122,000 and had a balance of $14,792.71 owed on the mortgage.

There is no indication that either party used the appraised values in their sworn descriptive list.

We note that a trial court is not required to accept at face value a party's valuation of assets, debts or claims against the community. Ellington v. Ellington , 36,943 (La. App. 2 Cir. 3/18/03), 842 So.2d 1160, 1166, writ denied , 03-1092 (La. 6/27/03), 847 So.2d 1269.

We note that whenever mortgage payments are paid in connection with the marital home which constitutes the separate property of one spouse, the community is entitled to reimbursement for principal only. Payments for interest, taxes, and insurance are generally not considered as reimbursable expenses to the community because the community has had the benefit of using the house as the marital residence. Vedros , 229 So.3d at 682-82.